**Rodney C. GROGAN, Plaintiff,**

v.

**BABSON BROTHERS CO. OF ILLINOIS, Defendant.**

**No. 83–CV–1502.**

United States District Court,
N.D. New York.

March 8, 1984.

Kernan & Kernan, P.C., Utica, N.Y., for plaintiff; Mark W. McLane, Andrea Lynch, Utica, N.Y., of counsel.

Mackenzie Smith Lewis Michell & Hughes, Syracuse, N.Y., for defendant; Stephen T. Helmer, Syracuse, N.Y., of counsel.

MUNSON, Chief Judge.

## MEMORANDUM–DECISION AND ORDER

This action was commenced in the Supreme Court of the State of New York, Oneida County, by service of the summons and complaint on October 18, 1983. On November 14, 1983 the action was removed to this court pursuant to 28 U.S.C. § 1447(c). Plaintiff subsequently moved to remand for "equitable reasons" but adjourned the motion, and in the interim filed a new motion seeking to amend his complaint to join two additional non-diverse defendants pursuant to Rules 15 and 20, Fed.R.Civ.P. For the reasons hereinafter stated the plaintiff's motion to amend his complaint joining the additional non-diverse defendants is granted. Because such joinder will divest this court of diversity jurisdiction, this case must be remanded to state court.

## FACTS

Plaintiff initiated the present action against Babson Brothers Co. of Illinois alleging, *inter alia*, negligence and breach

of warranty. Plaintiff's claims relate to certain livestock milking equipment manufactured by Babson Brothers Co. of Illinois, distributed by Surge Inc. of Babson Brothers Co., and retailed and distributed by Don Carrier Surge Inc. Don Carrier Surge Inc. [Don Carrier] installed the milking equipment on the plaintiff's premises. Plaintiff alleges that the equipment caused electric current to come into contact with the livestock during the milking operations. Don Carrier undertook to modify and correct the defect but allegedly abandoned its efforts without having corrected the problem.

Plaintiff seeks to amend his complaint joining Surge Inc. of Babson Brothers and Don Carrier Surge Inc. to the present action. Plaintiff had previously commenced a separate action in state court against these two proposed defendants. Plaintiff argues that by granting the instant motion the court will preserve precious judicial resources and avoid multiplicity of litigation. Defendant contends that the motion should be denied because plaintiff's sole motive in seeking joinder is to destroy diversity of citizenship thereby subverting the defendant's right to defend this litigation in a federal forum.

## DISCUSSION

This case presents the interesting but seldom addressed question of whether a plaintiff is entitled to join additional non-diverse parties to a validly removed action when the effect is to destroy federal subject-matter jurisdiction, thereby necessitating a remand to state court. as a threshold matter, however, the court must determine whether joinder under Rule 20 is permissible in the first instance. *Shaw v. Munford*, 526 F.Supp. 1209 (S.D.N.Y.1981); *see also Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371 (9th Cir.1980).

■ Rule 20(a) imposes two specific requisites for the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence; and (2) some question of law or fact common to all the parties will arise in the action. *League to Save*

*Tahoe v. Tahoe Reg. Plan Agency*, 558 F.2d 914, 917 (9th Cir.1977); *see also* 7 C. Wright & A. Miller, *Federal Practice and Procedure:* Civil, § 1653 (1972). Joinder is to be construed liberally "in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *Id.* Moreover, under the federal rules "the impulse is toward the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

■ In the case at bar these requisites are clearly satisfied. Plaintiff's action arises out of the defective nature of certain milking equipment, liability for which may rest with one or more of the proposed defendants. Questions of law and fact are common to all these parties. There is no question that the joinder of these parties will promote trial convenience and will prevent the possibility, if not likelihood, of multiple litigation.

■ In opposition to plaintiff's motions the defendant has pointed to the oft-stated general rule that the plaintiff cannot act so as to divest a court of jurisdiction over a case that has been properly removed. However, the majority of federal courts which have addressed this issue have concluded that when there is no showing that the plaintiff seeks to join the additional defendants *solely* to effectuate a remand, "in the exercise of ... sound discretion the court may permit a new party to be added, although his citizenship destroys diversity and requires a remand." *Desert Empire Bank v. Insurance Co. of America*, 623 F.2d 1371 (9th Cir.1980); *Shaw v. Munford*, 526 F.Supp. 1209 (S.D.N.Y.1981); *Miller v. Davis*, 464 F.Supp. 458 (D.D.C.1978).

When joinder of additional parties will necessitate a remand to state court, the district court should properly give serious consideration to the motive underlying plaintiff's motion. The plaintiff may be adding a new defendant solely to have his action remanded to the state forum, the

one he had originally chosen as best suited to his purpose. *Desert Empire Bank v. Insurance Co. of North America,* 623 F.2d at 1376. This caution, however, should not require the court to preclude summarily any action that would divest the court of jurisdiction. Rather, "when there is no showing that the plaintiff seeks to join the additional defendants solely to effectuate a remand, the better rule seems to be that in the exercise of sound discretion the court may permit a new party to be added, although his citizenship destroys diversity and requires a remand." *Shaw v. Munford,* 526 F.Supp. at 1213; IA Moore's Federal Practice, ¶ 0.161[1] at 208–10 (2d Ed. 1981). *Accord Desert Empire Bank v. Insurance Co. of North America,* 623 F.2d at 1376; *Soam Corp. v. Trane Co.,* 506 F.Supp. 302 (S.D.N.Y.1980); *J.L. Stanhope v. Ford Motor Credit Corp.,* 483 F.Supp. 275 (W.D.Ark.1980); *Miller v. Davis,* 464 F.Supp. at 459–60.

In the present case there is no evidence to suggest that plaintiff seeks to join additional defendants solely to effectuate a remand to state court. When plaintiff filed his original complaint he was apparently under the impression that Surge Inc. of Babson Brothers Co. was the exclusive manufacturer of the defective equipment. He subsequently discovered that Babson Brothers Co. of Illinois was the manufacturer of the defective product and thus the instant lawsuit was commenced. The plaintiff's motive in bringing this suit is simply to consolidate the pending suit with the state court action. While the court is at a complete loss to understand why the plaintiff did not merely join the instant defendant to his pending state court action, this tactical blunder should not effect the outcome of the present motion. If this motion were denied it would necessitate the continuance of parallel cases resulting in a great waste of judicial resources. Moreover, granting the motion will not prejudice the defendant because both lawsuits are in their infancy.

Having concluded that the reasons for bringing this motion are legitimate, the court grants the plaintiff's motion to amend its complaint adding the two non-diverse defendants. Because their joinder destroys this court's jurisdiction over the lawsuit, the case must be remanded to the New York State Supreme Court, Oneida County, pursuant to 28 U.S.C. § 1447(c).[1]

It is so Ordered.

1. Defendants contend that this court is without authority to entertain plaintiff's motion for remand because the case was properly removed from state court in the first instance. The plaintiff argues that under 28 U.S.C. § 1447(c), a case removed to federal court may be remanded if an impropriety or jurisdictional flaw appears at any time before a final judgment is rendered. Since the Supreme Court's decision in *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), the clear trend in authority is to allow a remand if events subsequent to removal divest the court of federal jurisdiction. Thus, where the court's jurisdictional basis has failed subsequent to removal, a remand pursuant to § 1447(c) is permissible. *See, e.g., Shaw v. Munford,* 526 F.Supp. 1209, 1215 n. 13 (S.D.N.Y.1981); *Soam Corp. v. Trane Co.,* 506 F.Supp. 302, 305–08 (S.D.N.Y.1980); *J.L. Stanhope v. Ford Motor Credit Co.,* 483 F.Supp. 275, 277–79 (W.D.Ark. 1980); *Miller v. Davis,* 464 F.Supp. 458, 461 (D.D.C.1978).