Anna T. GURSKY, Plaintiff,

v.

The NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY,
Defendant.

No. CV 90–3589.

United States District Court,
E.D. New York.

Oct. 31, 1991.

John B. Clarke, Islip, N.Y., for plaintiff.

Schnader, Harrison, Segal & Lewis by
Peter Jason, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

The above-referenced action was originally brought in New York State court to recover the death benefit under an insurance policy issued on the life of Anna Gursky's ("plaintiff") now deceased husband. The case was subsequently removed to this Court by Northwestern Mutual Life Insur-

ance Company ("NML"), the named defendant. Currently, plaintiff moves, *inter alia*, to amend her complaint, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, in order to add contractual fraud claims and to join two additional non-diverse defendants. In addition, NML moves for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, plaintiff's motion to amend is granted. Because the joinder permitted herein destroys the diversity of citizenship, thereby divesting this Court of subject matter jurisdiction, the present action must be remanded back to state court. Accordingly, the Court does not reach the issues raised by defendant's summary judgment motion.

## BACKGROUND

On some date prior to November 19, 1988, the deceased, Thomas Gursky ("the insured"), met in his home with proposed defendant Craig R. Araujo ("Araujo") for the purpose of completing an application for a life insurance policy. Araujo represented himself to be an agent of NML, which was to be the carrier to issue the insured's policy.

Applications for life insurance require, as a matter of course, that an applicant provide a detailed account of prior medical history. Understandably, carriers are hesitant to insure applicants who pose a substantial insurance risk through evidence of poor health. With respect to the case at bar, the questions as answered in the insured's application document a favorable medical history, and evidence no hint of any long-term illness. The alleged soundness of the insured's health was made part of the application in Araujo's presence, and was attested to by proposed defendant Pauline O'Brien ("O'Brien"), a paramedical examiner. The application was signed by both Araujo and O'Brien.

The insured's application was subsequently approved, and on November 19, 1988, NML issued Policy Number 10873347 ("the policy"), in the face amount of sixty-five thousand dollars ($65,000.00), on the insured's life. At the time of his death, the insured had paid all premiums due, and the policy was understood by all parties to be in full force and effect. The insured's wife, Anna T. Gursky ("plaintiff"), was named as the sole beneficiary under the policy.

Although plaintiff sought payment of the face amount of the policy upon her husband's death, NML denied payment. Because the insured had died within the two-year period of contestability, NML conducted a contestable review of the application which gave rise to the policy. Pursuant to that review, NML discovered from the East Nassau Medical Clinic, which had treated the insured since 1984, that he had suffered from certain long-term ailments including, *inter alia*, diabetes mellitus. On December 13, 1989, NML informed plaintiff that "[i]f the above medical history had been provided at the time of application, Policy 10873347 would not have been issued on any basis." *See* Defendant's Aff. at exhibit J. Accordingly, NML denied plaintiff's claim under the policy and returned all premiums paid with interest.

Based on the above-described facts, the instant case was commenced in September of 1990 in New York State Supreme Court and was subsequently removed to this Court by NML. The original complaint named only NML as defendant, and sought, *inter alia*, to recover the death benefit under the policy. NML subsequently counterclaimed for recision of the policy on the ground that the application contained material misrepresentations with respect to the insured's medical history.

Currently pending before the Court is plaintiff's motion [1] seeking the following: (i) amendment of the complaint to add Araujo and O'Brien as named defendants, pursuant to Rules 15 and 19 of the Federal Rules of Civil Procedure, as well as 28 U.S.C. § 1447(a), both of whom are residents of the State of New York; (ii) amendment of the complaint to add a claim of

---

1. Defendant NML has made a motion for summary judgment before the Court. However, as discussed above, the present order obviates consideration of defendant's motion.

contractual fraud [2] on the part of all defendants; (iii) remand of the present action back to the Supreme Court of the State of New York, Suffolk County, pursuant to 28 U.S.C. §§ 1447(a), (e); (iv) a new and extended pretrial schedule, including the period for discovery; and (v) a jury trial pursuant to Rules 38 and 39 of the Federal Rules of Civil Procedure, should the action not be remanded. Because the proposed amendments to the complaint form the centerpiece of the present motion, the Court begins its analysis there.

## DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure mandates that leave to amend pleadings "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). This is understood to mean that "the grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *accord Evans v. Syracuse City Sch. Dist.,* 704 F.2d 44, 46 (2d Cir.1983).

Amendments which effectively divest a district court of diversity jurisdiction, however, present a unique problem inasmuch as the joinder of additional non-diverse parties to a validly removed action destroys federal subject matter jurisdiction, and thereby necessitates a remand to the state court.[3] However, it is well settled in this circuit that a district court may, in the exercise of its sound discretion, add new parties despite the fact that their citizenship will destroy diversity and require a remand. *See Wilson v. Famatex GmbH,* 726 F.Supp. 950, 952 (S.D.N.Y.1989); *Aries Ventures Ltd. v. Axa Finance S.A.,* 696 F.Supp. 965, 966 (S.D.N.Y.1988); *Acme Electric Corp. v. Sigma Instruments,*

*Inc.,* 121 F.R.D. 26, 28 (W.D.N.Y.1988); *McIntyre v. Codman & Shurtleff, Inc.,* 103 F.R.D. 619, 620–621 (S.D.N.Y.1984); *Grogan v. Babson Bros. Co. of Ill.,* 101 F.R.D. 697, 699 (N.D.N.Y.1984); *Shaw v. Munford,* 526 F.Supp. 1209, 1213 (S.D.N.Y.1981). With that principle in mind, the Court turns to consider the application at bar.

### I. *Proper Parties to be Joined*

▮ NML argues that the only valid ground for allowing joinder of a non-diverse party and thereby compel a remand is when the additional parties are indispensable pursuant to Rule 19 of the Federal Rules of Civil Procedure. To support its position, NML cites *In re Merrimack Mutual Fire Ins. Co.,* 587 F.2d 642 (5th Cir. 1978). However, *"Merrimack*'s implication that only indispensable parties may be added" has since been rejected by the Fifth Circuit. *Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 n. 1 (5th Cir.1987), *cert. denied,* 493 U.S. 851, 110 S.Ct. 150, 107 L.Ed.2d 108 (1989). In fact, the *Hensgens* court described *Merrimack*'s implication as "dictum since the [*Merrimack*] court's holding, not issuing the writ of mandamus which allowed the remand order to stand, did not in any way depend on that implication." *Id.*

Courts in this circuit have comported with *Hensgens* in holding that additional non-diverse parties need not be indispensable to be joined.[4] *See e.g., Wilson,* 726 F.Supp. at 952; *McIntyre,* 103 F.R.D. at 621; *Grogan,* 101 F.R.D. at 699; *Shaw,* 526 F.Supp. at 1213. The courts in the cases cited have instead required that joinder be merely permissible under Rule 20 of the Federal Rules of Civil Procedure, and that the balancing of certain relevant con-

---

**2.** The Court notes that on June 18, 1991, plaintiff commenced a new action in New York Supreme Court against NML, Araujo and O'Brien, alleging contractual fraud on the part of all defendants.

**3.** 28 U.S.C. § 1447(c), as amended November 19, 1988, provides in relevant part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

**4.** 28 U.S.C. § 1447(e) supports this position: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Although remand is mandatory after such joinder, § 1447(e) provides no requirement of indispensability.

siderations weighs in favor of joinder and its necessarily attendant remand. Thus, the Court turns to consider each of these two requirements.

### A. Permissive Joinder

■ Rule 20[5] of the Federal Rules of Civil Procedure allows for permissive joinder "... if there is asserted against [the defendants] jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20. Under the Federal Rules generally, "the impulse is toward the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966) (citations omitted). In applying these broad principles to the facts before the Court, it is apparent that Araujo and O'Brien should be joined.

The focus of the action at bar is the information found in the insured's application, information recorded by Araujo, attested to by O'Brien, and processed by NML. All of plaintiff's claims arise out of one single transaction or occurrence—the completion of the application in question. Accordingly, there can be no question that a trial on the merits will involve many issues of law and fact common in their application to all defendants.

■ Having decided that the joinder proposed satisfies the requirements of Rule 20, however, does not end the analysis. The Court must next weigh certain relevant considerations to "determine whether joinder will comport with the principles of fundamental fairness" the Federal Rules were designed to promote. *McIntyre*, 103 F.R.D. at 622 (quoting *Desert Empire Bank v. Insurance Co. of N. Am.*, 623 F.2d

1371, 1376 (9th Cir.1980)); *accord, Wilson*, 726 F.Supp. at 952.

### B. Balancing Test

■ A synthesis of the relevant case law in this circuit which supports a plaintiff's amendment to add non-diverse parties, thereby necessitating remand, shows that the following are appropriate factors to consider: (1) any delay, and its reasons, in moving to amend, *see e.g., Wilson*, 726 F.Supp. at 952; *Aries Ventures*, 696 F.Supp. at 969; *Shaw*, 526 F.Supp. at 1212; (2) any resulting prejudice to the defendants, *see e.g., Aries Ventures*, 696 F.Supp. at 969; *Shaw*, 526 F.Supp. at 1214; *Soam Corp. v. Trane Co.*, 506 F.Supp. 302, 310 (S.D.N.Y.1980); (3) the likelihood of multiple litigation, *see e.g., Grogan*, 101 F.R.D. at 700; *Wilson*, 726 F.Supp. at 952; *Shaw*, 526 F.Supp. at 1214; *Soam*, 506 F.Supp. at 310; and (4) the plaintiff's motivation in moving to amend, *see e.g., Wilson*, 726 F.Supp. at 952; *Aries Ventures*, 696 F.Supp. at 969; *Grogan*, 101 F.R.D. at 699.

■ NML claims that plaintiff's motion to amend is unduly dilatory because "all of the facts upon which plaintiff bases her request for leave to serve an amended complaint were known to plaintiff before she commenced this action in September 1990." *See* Defendant's Memo. at 4. However, NML's position is technically inaccurate, for plaintiff apparently believed in September of 1990 that Araujo and O'Brien were employed by NML, a belief which, if true, obviated naming them separately as defendants. It was not until January of 1991 that plaintiff's counsel was informed by NML's attorney that neither Araujo nor O'Brien was ever employed by NML. *See* Defendant's Aff. at exhibit F. Accordingly, the Court does not find undue delay in plaintiff's actions. *Cf., Aries Ventures*, 696 F.Supp. at 969–70 (leave to amend denied because, *inter alia*, named defendants had advised plaintiffs long before action was *commenced* that suit should be directed against proposed defendants).

---

**5.** Although plaintiff seeks to join the non-diverse defendants pursuant to Rule 19, the Court need not decide whether or not they are indispensable under that provision since the non-diverse defendants are proper parties to be joined under Rule 20.

NML's claims to the contrary notwithstanding, the Court fails to see how NML will be prejudiced as a result of the proposed amendment. The need to conduct additional discovery is standard fare when pleadings are amended, and the Court finds nothing prejudicial in having to defend this action in state court.

As noted above, a new and parallel action was filed in state court on June 18, 1991, prior to the filing of the present motion with this Court. Thus, there can be no question that "the joinder of these parties will promote trial convenience and will prevent the possibility, if not likelihood, of multiple litigation." *Grogan,* 101 F.R.D. at 699. Accordingly, remand of the present action will avoid wasting judicial resources as well as the inherent dangers of inconsistent results, both of which are at risk when parallel state and federal actions proceed simultaneously.

Moreover, analysis of the present case reveals no evidence that plaintiff seeks to join the non-diverse parties solely to bring about a remand to state court. As noted above, when plaintiff filed her original complaint, she was apparently under the impression that Araujo and O'Brien were employed by NML. She has subsequently learned that such is not the case, and seeks to join them as defendants. Accordingly, there is no reason to suspect plaintiff's motivation for moving to amend; consequently, joinder need not be denied on that basis. *See, Shaw,* 526 F.Supp. at 1213; *Grogan,* 101 F.R.D. at 700.

Having concluded that the reasons for joining Araujo and O'Brien are legitimate, the Court hereby grants that portion of plaintiff's motion which seeks to amend her complaint adding the two defendants.

## II. *Contractual Fraud*

■ As noted above, plaintiff further seeks to amend her complaint to add claims of contractual fraud on the part of all defendants. The opportunity to amend one's complaint, generally, is to be granted "[i]n the absence of any apparent or declared [countervailing] reason—such as undue delay, bad faith or dilatory motive on the part of the movant, ... undue prejudice to the opposing party ... etc. ...." *Foman,* 371 U.S. at 182, 83 S.Ct. at 230; *accord, Hanlin v. Mitchelson,* 794 F.2d 834, 840 (2d Cir.1986). These same factors were considered above in the context of plaintiff's proposed joinder of the two non-diverse defendants. It is to be noted that NML makes similar arguments in opposition to the proposed contractual fraud claims.

The Court does not view plaintiff's attempt to add the contractual fraud claims as having been induced by "bad faith or dilatory motive." It was not until the discovery period [6] that certain relevant facts and allegations were brought to plaintiff's attention, *i.e.,* that the material misrepresentations of fact were included in the insured's application in Araujo's presence and over his signature. In fact, plaintiff alleges in her amended complaint that the insured answered truthfully in his oral responses to Araujo, who asked him the questions in the application, but that Araujo recorded the false medical information on the application, without the knowledge or consent of the insured. In addition, the amended complaint alleges that O'Brien, the medical examiner whose signature on the application attested to the medical assertions made therein, never actually examined the insured, and that Araujo instructed plaintiff to represent to NML, contrary to actual fact, that O'Brien had examined the insured on the night the application was completed.

NML further argues that adding the contractual fraud claim will result in undue prejudice insofar as its "dispositive" summary judgment motion will be rendered moot. Although the court agrees that the amendment sought renders consideration of NML's summary judgment motion point-

---

**6.** As noted above, after the original complaint was served, NML counterclaimed for rescission of the policy because of the material misrepresentations found in the application. The facts and allegations revealed during discovery which gave rise to the contractual fraud claims stemmed from that counterclaim.

less insofar as it does not address the contractual fraud claims, this is hardly the type of "undue prejudice" which will defeat such an amendment. Nothing prevents NML from redrafting its summary judgment motion to add relevant arguments.[7]

■ NML also alleges that "[l]eave to amend is properly denied where the proposed new claim is frivolous or legally insufficient." *See* Defendant's Memo. at 5 (citing *Foman*). However, the term "frivolous or legally insufficient" is found nowhere in the *Foman* opinion. *See Foman*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The only terminology found in *Foman* which even remotely resembles NML's citation is that part of the *Foman* decision in which the Court cites "futility of amendment" as one factor which might overcome the privilege to amend. *Foman*, 371 U.S. at 182, 83 S.Ct. at 230. This Court notes that term is neither explained nor expanded upon anywhere in the *Foman* opinion.

Nevertheless, the "futility" of the present amendment should properly be decided by the state court on a motion for dismissal or summary judgment, in light of all of the claims and parties, as it will be the state court's substantive laws and procedural rules which will govern this action after remand. If a remand was not required herein, this Court might be more inclined to examine any apparent futility of amendment. *See, e.g., Eria v. Texas Eastern Transmission Corp.*, 377 F.Supp. 344 (E.D.N.Y.1974) (leave to amend pleading is usually freely given, but if amended pleading could be defeated by motion for summary judgment, grant of leave to amend would be a futile gesture). However, due to the procedural posture of this case, an examination of the merits of plaintiff's claims is inappropriate at this juncture. Accordingly, leave to amend the complaint adding the contractual fraud claims is granted.

## CONCLUSION

For the reasons stated above, plaintiff's motion to amend her complaint, joining the two non-diverse defendants and adding the contractual fraud claims, is hereby granted. Because the joinder granted herein divests this Court of jurisdiction, the present action must be remanded back to the state court. Those portions of plaintiff's motion which ask for a new and extended pretrial schedule and for a jury trial are rendered moot by the present order, as those issues are properly considered by the state court. Accordingly, the Clerk of the Court is directed to remand this case to the state court.

SO ORDERED.

---

7. Although NML described "[p]laintiff's motion" in general as "unfair, unwarranted and prejudicial to NML" because it renders NML's summary judgment motion moot, the Court assumes NML is referring to that part of plaintiff's motion calling for amendment to add the contractual fraud claims. However, even if NML is referring to that part of plaintiff's motion calling for amendment to join the non-diverse parties, the argument still fails for the same reason, since nothing in this order prevents NML from redrafting its motion.