Catherine DiNARDI and Rocco Dinardi, Plaintiffs,

v.

ETHICON, INC. and Baxter Hospital Division, Defendants.

No. 90–CV–1123 FJS.

United States District Court, N.D. New York.

Jan. 27, 1993.

Julian & Pertz, P.C., Utica, NY (Mildred Pelrine, of counsel), for plaintiffs.

Bower & Gardner, New York City (Deborah Bass, of counsel), for defendants.

MEMORANDUM–DECISION

SCULLIN, District Judge:

## INTRODUCTION

The plaintiffs, Catherine and Rocco Di-Nardi, initiated this action in New York State Supreme Court, Oneida County on August 16, 1990 against Ethicon, Inc. and Baxter Hospital Division, the alleged manufacturers and distributors of a suture used by Dr. Theodore Max and his assistant, Dr. Christopher Max, while performing surgery on Catherine DiNardi at St. Elizabeth Hospital in Utica, New York on or about March 22, 1990. The plaintiffs allege that the suture fractured during surgery, causing injury to Mrs. DiNardi. The plaintiffs plead nine causes of action, including negligence, strict liability, implied warranty and express warranty. On October 17, 1990, the defendants removed this action to federal court, pursuant to 28 U.S.C. §§ 1332 and 1441. The most recent Rule 16 Scheduling Order fixed the deadline to join parties and discovery as September 11, 1992. A status conference was held on May 21, 1992, during which the court modified the scheduling order by changing the motion deadline from March 1993 to January 1993; all other deadlines remained unchanged. The parties were also advised at that time that if no motions were filed, the trial date would be set in January 1993; the parties estimated a trial length of two to three days. On August 31, 1992, the court extended the deadline *to take depositions only* to November 2, 1992.

On October 22, 1992, the plaintiffs brought a motion to consolidate this action with a state action pending against St. Elizabeth Hospital and Drs. Theodore and Christopher Max [1] and thereafter "remove" the entire action to state court.[2] The de-

---

1. All of the non-parties that the plaintiffs seek to join are New York residents, as are the Plaintiffs. Jurisdiction pursuant to § 1332 would thus be extinguished.

2. The court assumes that the plaintiffs meant to ask that the court remand, and not remove, the case to state court.

fendants oppose the motion on various grounds.

The court heard oral argument from both counsel on December 4, 1992 in Albany New York, and denied the plaintiffs' motion from the bench, advising counsel that this written decision would follow.

## DISCUSSION

The plaintiffs have fashioned a rather unique motion which the court feels needs some discussion. In essence, the plaintiffs ask the court to:

1. consolidate the new state action with the present federal action as the non-parties are indispensable parties to the lawsuit and must be joined;

2. as this will defeat diversity, dismiss the federal action; and

3. remand the entire action to state court.

The defendants oppose the motion on these grounds:

1. the plaintiffs' attempt at joinder is in defiance of the court's deadline of September 11, 1992;

2. this court has no authority to consolidate a state action with a pending federal action (citing Fed.R.Civ.Pro. 42(a));

3. the non-parties are not indispensable parties to the lawsuit, and therefore do not have to be joined; and

4. even if the court were to consider remand to state court, it should deny such a request as it would be fundamentally unfair to the defendants to remand at this stage of the proceedings.

The various components of the plaintiffs' motion will be addressed *seriatim.*

### 1. *Consolidation of State Action with Federal Action*

■ The statute relevant to this request is Fed.R.Civ.Pro. 42(a) which provides, in pertinent part:

[W]hen actions involving a common question of law or fact *are pending before the court,* it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all of the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay (emphasis added).

Fed.R.Civ.Pro. 42(a) allows consolidation only in those cases where the actions to be consolidated are pending before the court, and in the present case, the state action is *not* an action "pending before the court." Thus, this court agrees with the defendants that it is without authority to consolidate these actions. The court has not located (and neither have the plaintiffs cited to) any authority that supports a contrary conclusion. Therefore, the court must deny the plaintiffs' request to consolidate the two actions.

### 2. *Joinder of Non-Parties*

Although the court is without authority to consolidate the state and federal actions, the court must still address whether there are alternative bases upon which the federal action should be dismissed or remanded. The plaintiffs argue that one such basis is provided by Fed.R.Civ.Pro. 19.

Rule 19(a) provides, in pertinent part, that

[a] person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

And, Rule 19(b) provides in pertinent part:

If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action

should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Plaintiffs contend that the court should dismiss or remand this action on the basis that the Drs. Max and St. Elizabeth Hospital are indispensable parties that must be joined in this action. *See* Plaintiffs' Motion to Dismiss Memorandum of Law at 6–8. In the alternative, if found not to be indispensable, the court may allow permissive joinder of these parties. Either alternative would destroy diversity and therefore effect the same result: the action would have to be dismissed, or remanded to state court.

■■■ Although asserted to be the controlling rule by the parties, the court finds that Fed.R.Civ.Pro. 19 is not determinative of this issue. Rather, the court finds that 28 U.S.C. § 1447(e) is the relevant statute to apply in this situation.[3] Section 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *See, e.g., Carter v. Dover Corp., Rotary Lift Div.,* 753 F.Supp. 577, 579 (E.D.Pa.1991). Section 1447(e) speaks directly to the joinder-remand situation here, as

[u]nder new section 1447(e), the court is authorized to "deny joinder, or permit joinder and remand the action to the

State court" following the plaintiff's joinder of a diversity-destroying defendant. This amendment gives the court more flexibility than a strict Rule 19 analysis does by not barring late permissible joinder and by not requiring dismissal following mandatory joinder of a necessary nondiverse defendant.

14 A. WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE § 3739 (Supp. 1992). The *Carter* court echoes this sentiment in stating that, "[v]irtually every court to address the joinder question since the enactment of section 1447(e) views the statute as signaling a departure from a strict Rule 19 analysis and providing for a flexible, broad discretionary approach of the type prescribed in *Hensgens* [referring to *Hensgens v. Deere & Co.,* 833 F.2d 1179 (5th Cir.1987) ]." *Carter* at 579; *see also* cases cited therein at 579. *Hensgens,* a pre-§ 1447(e) case, rejected the rigid indispensable versus dispensable party test in favor of a balancing of the parties' interests in determining whether a plaintiff should be allowed to add a non-diverse defendant. *Hensgens* at 1182.

The court, therefore, in its discretion must decide whether to allow joinder, and remand to state court. While the Second Circuit as yet has not provided guidance in applying a § 1447(e) analysis, district courts within this circuit have. In cases involving § 1447(e), courts have utilized the *Hensgens* balancing test. *See, e.g., Gursky v. Northwestern Mutual Life Ins. Co.,* 139 F.R.D. 279 (E.D.N.Y.1991) (and cases cited therein at 282). The appropriate factors for the court to consider in determining whether to allow the plaintiffs to add the non-diverse parties in the present case were enumerated by the *Gursky* court:

(1) any delay, and its reasons, in moving to amend;

(2) any resulting prejudice to the defendants;

(3) the likelihood of multiple litigation; and

---

**3.** The court notes in passing that, even if this case were to turn on whether the non-diverse parties are dispensable or indispensable, the court agrees with the defendants' claim that the

non-diverse parties the plaintiffs wish to join are not indispensable. *See Temple v. Synthes Corp.,* 498 U.S. 5, 111 S.Ct. 315, 112 L.Ed.2d 263 (1990).

(4) the plaintiff's motivation in moving to amend.

*Id.* at 282 (citations omitted).

 In applying these factors to the present case, the court finds that remand is not appropriate, as a balancing of the *Gursky* factors tips in the defendants' favor. The plaintiffs' explanation for delay in asserting a claim against the non-diverse defendants[4] is inadequate to surmount the prejudice to the defendants who have, for two years, defended this case in the federal forum to which they were entitled by virtue of their proper removal of this case.

As the *Hensgens* court noted,

[t]he diverse defendant has an interest in retaining the federal forum. Indeed, the removal statutes are predicated. on giving the diverse defendants a choice of a state or federal forum.

*Hensgens* at 1182.

Furthermore, the defendants have adhered to the court's scheduling orders in this case, unlike the plaintiffs. And, although the court recognizes the likelihood of multiple litigation resulting from this decision, this trial is estimated to last only two to three days, and will be held in Utica. This should lessen the plaintiffs' counsel's understandable concerns over the hardships that Mrs. DiNardi could experience if multiple trials are held.

In considering the last factor, the plaintiffs' motivation in moving to amend at this late stage of the proceedings, the court notes similarities between the present case and *Aries Ventures Limited v. AXA Finance S.A.*, 696 F.Supp. 965 (S.D.N.Y. 1988).[5] In *Aries*, Judge Connor adopted Mag. Roberts's denial of plaintiffs' motion to amend to add non-diverse defendants, referring to plaintiffs' motion as an "elev-enth-hour request" that "strongly suggests a dilatory or other improper strategic motive." *Id.* at 969. The court finds that similar concerns could be present here which warrant a denial of the request to remand at this time.[6]

## CONCLUSION

The plaintiffs' motion for consolidation, joinder and remand is hereby DENIED.

IT IS SO ORDERED.

---

**4.** Plaintiffs filed this motion on October 22, 1992, almost 6 weeks after the joinder deadline had passed, alleging that, "discovery has revealed that, on information and belief, there is a cause of action against the Drs. Max and their professional corporation, as well as against St. Elizabeth's [sic] Hospital in Utica, arising out of the same incident ..." Pelrine Aff. at ¶ 5.

**5.** Although *Aries* did not involve § 1447(e), the court finds it instructive.

**6.** While the court is not suggesting that the Plaintiffs' motivation in this case is improper, it does find that two of the factors that the *Aries* court noted are applicable here: as in *Aries*, discovery was virtually completed when Plaintiffs brought their motion, and the request to add the non-diverse parties could be characterized as coming at "the eleventh hour."