**592**

Sebastian REALE

v.

**PAUL REVERE LIFE INSURANCE COMPANY.**

Civ. A. No. 93–0554.

United States District Court,
W.D. Louisiana,
Lake Charles Division.

Oct. 8, 1993.

Robert W. Fenet, Lake Charles, LA, for plaintiff.

Richard Edward McCormack, New Orleans, LA, for defendant.

*MEMORANDUM ORDER GRANTING MOTION TO REMAND*

EDWIN F. HUNTER, Jr., Senior District Judge.

On March 12, 1993, plaintiff, a resident of the State of Louisiana, filed suit against Paul Revere Life Insurance Company in state court, seeking damages for Paul Revere's denial of his claim under a business overhead expense insurance policy issue. There being diversity of citizenship and the requisite amount in controversy, Paul Revere removed to this court.

On August 27, 1993, plaintiff sought leave of court to supplement and amend his complaint to add Patrick O. Simons and The Gregory Agency, Inc. as defendants.[1] Plaintiff's motion to amend asserted that "counsel for defendant Paul Revere has no objection to the filing of this First Supplemental and Amending Complaint for Damages." The order allowing the Supplemental and Amending Complaint was signed by the United States Magistrate Judge on August 27, 1993. On September 22, 1993, plaintiff filed a Motion to Remand to state court.

28 U.S.C. § 1447(e) provides that [i]f after removal a plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court. Most post-removal developments—amendment of pleadings to below jurisdictional amount or change in citizenship of a party—will not divest the court of jurisdiction but an addition of a nondiverse defendant will do so. *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365 at 374, 98 S.Ct. 2396 at 2403, 57 L.Ed.2d 274 (1978); *Hensgens v. Deere & Co.,* 833 F.2d 1179 at 1181 (5th Cir.1987), *cert. denied,* 493 U.S. 851, 110 S.Ct. 150, 107 L.Ed.2d 108 (1988); 28 U.S.C. 1447(e), Rule 12(b)(1) F.R.C.P.

In the instant case, the magistrate judge permitted plaintiff to add additional defendants. The joinder destroyed subject matter jurisdiction.[2] When the court granted the joinder, it was mandatory, under 1447 that the case be remanded. See *Hensgens, supra.*

"Instead, the district court, when confronted with an amendment to add a nondiverse nonindispensable party, should use its discretion in deciding whether to allow

---

1. Gregory Agency has subsequently been dismissed on plaintiff's motion. Patrick Simons is a citizen of Louisiana.

2. Plaintiff's motion to add contained a statement that Paul Revere had no objection to the filing of the amended complaint.

that party to be added. *Accord, Desert Empire Bank v. Ins. Co. of North America,* 623 F.2d 1371 (9th Cir.1980); *McIntyre v. Codman & Shurtleff,* 103 F.R.D. 619 (S.D.N.Y.1984); *Grogan v. Babson Brothers Co. of Illinois,* 101 F.R.D. 697 (N.D.N.Y.1984). If the court grants the joinder, it must, under 1447(c) and *Thermtron* remand the case to state court. If it denies the joinder, it cannot remand."

Then, too, the removing party bears the burden of demonstrating fraudulent joinder. We certainly are not prepared to resolve all ambiguities in the controlling state law as to Patrick Simons' possible liability. The Fifth Circuit has frequently cautioned against pretrying a case in determining removal jurisdiction. We approach the standard for assessing fraudulent joinder claims in a similar fashion to that used on summary judgment motions. We certainly cannot say (here) that there is no possibility of recovery against Patrick Simons.

The Motion to Remand is GRANTED. Order attached.

THUS DONE AND SIGNED.

## *ORDER REMANDING TO STATE COURT*

The above cause was removed to this court. The plaintiff made and filed in this court a motion to have the cause remanded. The court having heard and considered the merits, concludes that:

IT IS ORDERED, ADJUDGED AND DECREED that the case of "Sebastian Reale v. Paul Revere Life Insurance Company," Civil Docket No. 2–93–0554, be remanded to the Fourteenth Judicial District Court, Parish of Calcasieu, State of Louisiana, from which it was removed.