**Susan WYANT and Edward Wyant, Plaintiffs,**

v.

**NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a Amtrak, Defendant.**

No. 94 Civ. 7259 (JGK)

United States District Court, S.D. New York.

April 7, 1995.

920

Allen Honigman, Law Office of Eric H. Green, New York City, for plaintiffs.

Joanna L. Watman, Siff Rosen P.C., New York City, for defendant.

### OPINION AND ORDER

KOELTL, District Judge:

The plaintiffs Susan and Edward Wyant have moved to amend their complaint, pursu-

ant to Federal Rules of Civil Procedure 15 and 20, to add an additional defendant, Nelson Maintenance Services, Inc. ("Nelson Maintenance"). Because the joinder of Nelson Maintenance would destroy diversity jurisdiction, the plaintiffs also have moved to remand the case to state court pursuant to 28 U.S.C. § 1447(e). The defendant National Railroad Passenger Corporation ("Amtrak") has opposed the motions and has requested, in the alternative, permission to amend its notice of removal to add an additional basis for federal jurisdiction.

For the reasons set forth below, the plaintiffs' motion to amend is granted. Because the joinder of Nelson Maintenance destroys diversity jurisdiction, the plaintiffs' motion to remand also is granted. Finally, the defendant's application to amend its notice of removal is denied.

## I.

The plaintiffs filed their complaint in this personal injury action in New York State Supreme Court, New York County, on August 29, 1994. The case arises out of an incident in which Susan Wyant allegedly tripped and fell in the Amtrak waiting area of Pennsylvania Station in New York City on April 26, 1993.[1] Amtrak filed a notice of removal on October 7, 1994 pursuant to 28 U.S.C. §§ 1441 and 1332. In its notice of removal, Amtrak alleged that the Wyants are New York residents, that Amtrak is chartered under the laws of the District of Columbia and has its principal place of business there and that the amount in controversy exceeds $50,000. Thus, there was complete diversity between the plaintiffs and the defendant and the case properly was removed.[2] Following removal, the plaintiffs filed their current motion to amend and remand.

### A.

The plaintiffs contend that they have brought this motion because they only re-

cently have learned, through discovery in this case, that Nelson Maintenance performs maintenance work at the location where Susan Wyant allegedly tripped and fell. (Pls.' Aff.Supp.Mot. at ¶ 3.) Nelson Maintenance, a New York corporation, works under contract with Amtrak and is responsible for, among other things, the daily cleaning of the floors.

Rule 15(a) of the Federal Rules of Civil Procedure requires that leave to amend the pleadings "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). The decision whether to permit an amendment is committed to the discretion of the district court. *Gursky v. Northwestern Mut. Life Ins. Co.*, 139 F.R.D. 279, 281 (E.D.N.Y.1991).

Permissive joinder of parties is governed by Federal Rule of Civil Procedure 20. Rule 20(a) provides, in relevant part:

> All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action....

Fed.R.Civ.P. 20(a). As the court explained in *Gursky:* "Under the Federal Rules generally, 'the impulse is toward the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" *Gursky*, 139 F.R.D. at 282 (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 1137–38, 16 L.Ed.2d 218 (1966)).

While permitting an amendment that destroys diversity jurisdiction requires a remand to state court, it is well-settled that a district court may, in its sound discretion, permit the addition of such new parties. *Gursky*, 139 F.R.D. at 281 (collecting district

---

**1.** Plaintiff Edward Wyant has a derivative claim for loss of services.

**2.** 28 U.S.C. § 1441(a) provides, in relevant part:
   *Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the*

United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending....
28 U.S.C. § 1441(a).

court cases). In exercising this discretion, courts first consider whether joinder would be appropriate under Rule 20 and then proceed to weigh the competing interests in efficient adjudication and the need to protect diversity jurisdiction from manipulation. *See Amon v. Nelson,* No. 91 Civ. 3844, 1992 WL 8337, *2–4 (S.D.N.Y. Jan. 15, 1992) (Mukasey, J.).[3] As discussed below, the joinder of Nelson Maintenance is appropriate under both prongs of this analysis.

### B.

■ The plaintiffs allege that they have a good faith basis for seeking to join Nelson Maintenance as a defendant under Rule 20. They contend that because their right to relief against both Amtrak and Nelson Maintenance arises out of the same occurrence and presents the same questions of law and fact with respect to any negligence that proximately caused Susan Wyant's alleged injury, the joinder of Nelson Maintenance is proper. *See* Fed.R.Civ.P. 20.

The plaintiffs' case is based upon an allegedly defective condition in the floor of the

Amtrak waiting area in Pennsylvania Station. The plaintiffs claim that because Nelson Maintenance cleans and waxes the floors, it could have caused and/or contributed to the allegedly defective condition and thus is an appropriate party to this action. They further claim that because Nelson Maintenance cleaned the premises on a daily basis, it may have been aware of the defective condition and failed to remedy it.[4] (Pls.' Aff.Supp.Mot. at ¶ 5.)[5]

Amtrak, on the other hand, argues that the plaintiffs do not have a good faith basis for joining Nelson Maintenance as a proper party and that their motivation in seeking to join Nelson Maintenance is solely to destroy the Court's diversity jurisdiction. It argues that because Nelson Maintenance, under its janitorial services contract with Amtrak, is responsible for the cleaning of the floors only, and not the repair of the floors or the reporting of defects in the floors, it is not a proper party in this case. (Def.'s Supplem.Mem. Opp'n at 5–6.)

The plaintiffs have alleged a good faith basis for seeking to add Nelson Maintenance

3. Amtrak argues that because the joinder of Nelson Maintenance will destroy diversity jurisdiction, its joinder is appropriate only if Nelson Maintenance is an "indispensable" party to the litigation. However, this argument improperly applies Federal Rule of Civil Procedure 19 rather than Federal Rule of Civil Procedure 20, which, in conjunction with 28 U.S.C. § 1447(e), governs in this case.

The current version of 28 U.S.C. § 1447(e), which was added to the statute in 1988, provides: If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

28 U.S.C. § 1447(e). While Rule 19 sets forth the guidelines under which a court determines whether parties are "necessary" or "indispensable" in determining whether it must dismiss an action because of an inability to join a party, 28 U.S.C. § 1447 does not incorporate or address this distinction and thus, the tests applicable under Rule 19 do not apply. *See generally* 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3739 (Supp.1994); *see also Casas Office Machs., Inc. v. Mita Copystar Am., Inc.,* 42 F.3d 668, 674 (1st Cir.1994) ("Federal courts and commentators have concluded that, under § 1447(e), the joinder or substitution of nondiverse defendants after removal destroys diversity jurisdiction, *regardless*

[of] whether such defendants are dispensable or indispensable to the action.") (emphasis in original); *Gursky,* 139 F.R.D. at 282 ("Courts in this circuit have ... [held] that additional non-diverse parties need not be indispensable to be joined. The courts ... have instead required that joinder be merely permissible under Rule 20 ... and that the balancing of certain relevant considerations weighs in favor of joinder and its necessarily attendant remand.") (citations omitted); *Hayes v. BASF K & F Corp.,* No. CIV–89–590E, 1990 WL 112304, *2 (W.D.N.Y. July 26, 1990) (" 'Congress did not intend that joinder and remand under [section 1447(e)] be governed by a Rule 19 analysis.' Instead, ... a discretionary standard prevails.") (citing *Righetti v. Shell Oil Co.,* 711 F.Supp. 531, 535 (N.D.Cal.1989)).

4. Nelson Maintenance occasionally has notified Amtrak in the past of defective conditions in the floor. (Exh. B to Pls.' Supplem.Aff.Supp.Mot. at 26.)

5. The language of the contract between Amtrak and Nelson Maintenance supports the plaintiffs' theory of liability. The contract states that housekeeping is "not considered merely an esthetic function by Amtrak; its proper execution is understood to be vital to safety[,] efficiency, and the financial success of Amtrak as a transportation business...." (Exh. C. to Pls.' Aff. Supp.Mot. at 9.)

as a defendant. While the plaintiffs may not eventually prevail on their claims against Nelson Maintenance, they have asserted ample bases on which to pursue them at the pleading stage. *See Rodriguez v. Abbott Labs.,* 151 F.R.D. 529, 532 n. 3 (S.D.N.Y. 1993) (joint tortfeasors are permissive, not indispensable, parties). Moreover, as explained below, allowing Nelson Maintenance to be joined as a defendant comports with principles of fundamental fairness. *See, e.g., Wilson v. Famatex GmbH Fabrik Fuer Textilausruestungsmaschinen,* 726 F.Supp. 950, 952 (S.D.N.Y.1989) (Lasker, J.) (permissive joinder must comport with principles of fundamental fairness, especially where the joinder of the party will destroy diversity and necessitate a remand).

## C.

■ Under Section 1447(e), courts have discretion either to deny joinder of a non-diverse defendant and retain jurisdiction, or to permit joinder and remand the case to state court. *Dinardi v. Ethicon, Inc.,* 145 F.R.D. 294, 297 (N.D.N.Y.1993). In exercising their discretion and determining whether permitting joinder will comport with principles of fundamental fairness, courts consult the following factors: (1) any delay, and the reasons for the delay, in seeking to amend; (2) any resulting prejudice to the defendant; (3) the likelihood of multiple litigation; and (4) the plaintiffs' motivation in moving to amend. *Id.* at 297–98 (citing *Gursky,* 139 F.R.D. at 282).[6]

■ Each of the relevant factors weighs in favor of joinder in this case. First, the plaintiffs did not contribute to any delay; rather, they brought their motion to add Nelson Maintenance as a party within two weeks of their discovering that Nelson Maintenance is responsible for maintenance of the floor where Susan Wyant allegedly fell. (Pls.' Aff.

Supp.Mot. at ¶ 3.)[7] Second, there is no appreciable prejudice to the defendant. While Amtrak complains that discovery is almost complete, courts have rejected such arguments as insufficient to preclude joinder and remand. *See, e.g., Rodriguez,* 151 F.R.D. at 533; *Gursky,* 139 F.R.D. at 283. Third, despite Amtrak's argument that permitting joinder will frustrate the policy of judicial economy, (Def.'s Supplem.Mem. Opp'n at 9), if the plaintiffs are not permitted to add Nelson Maintenance as a defendant, they will be forced to litigate in two different fora to bring their claims against all potential tortfeasors, resulting in an inefficient use of judicial resources. Fourth, the plaintiffs appear to be motivated not solely by a desire to defeat diversity jurisdiction, but rather by a good faith desire to seek recovery from those parties they contend are liable to them. *See, e.g., Short v. Bulk–Matic Transp. Co.,* No. 93 Civ. 6040, 1994 WL 363941, *2 (S.D.N.Y. July 13, 1994) (Haight, J.) ("Unless a plaintiff seeks to add a non-diverse party solely to destroy the court's basis for diversity jurisdiction, the court is required to remand the action to state court.").

## II.

Amtrak initially did not oppose the joinder of Nelson Maintenance as a party, provided that the case was not remanded. (Def.'s Aff. Opp'n at ¶ 7.) At that time, Amtrak based its argument that the case should not be remanded on two grounds. First, it argued that because diversity between the plaintiffs and the defendant existed at the time the case was removed, the Court's jurisdiction would not be destroyed by the joinder of a non-diverse defendant. Second, it argued that the Court possesses an independent basis for jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1349 that would not be destroyed by the addition of a non-diverse de-

---

6. This balancing test is based on that used by the Court of Appeals for the Fifth Circuit in *Hensgens v. Deere & Co.,* 833 F.2d 1179 (5th Cir.1987), *cert. denied,* 493 U.S. 851, 110 S.Ct. 150, 107 L.Ed.2d 108 (1989), in determining whether to permit joinder of a non-diverse party under 1447(c). *Hensgens* was decided prior to the addition of the current Section 1447(e), but it has provided guidance for courts applying Section 1447(e).

7. The Court previously had ordered that additional parties be added by February 3, 1995; the plaintiffs filed their motion on February 1, 1995, seeking additional time to add Nelson Maintenance as a party.

fendant. Amtrak cannot defeat the plaintiffs' motion with either of these arguments.

## A.

■ Amtrak argues that pursuant to 28 U.S.C. § 1447, remand is permitted only where the removal was, at the time it occurred, improvident and without federal jurisdiction. (Def.'s Mem. Opp'n at 2.) However, all of the cases that Amtrak cites in support of this proposition predate the enactment of the current Section 1447(e) in 1988. *See, e.g., Skinner v. American Oil Co.,* 470 F.Supp. 229, 234 (S.D. Iowa 1979) (so long as the removal was proper at the time the case was removed, the court retains jurisdiction following joinder of a non-diverse defendant).

Section 1447(e), which was enacted as part of the Judicial Improvements and Access to Justice Act of 1988, explicitly provides that where a court permits the joinder of a defendant whose citizenship destroys diversity, the court is required to remand the case. *See, e.g., Amon,* 1992 WL 8337, at *5 n. 3 ("Prior to the enactment of § 1447(e), some courts had retained jurisdiction after joining a non-diverse party. Absent an independent basis for federal jurisdiction, § 1447(e) now clearly prohibits this type of pendent party jurisdiction.") (citation omitted).

The cases upon which Amtrak relies, therefore, do not provide authority for the proposition that this Court's diversity jurisdiction is not destroyed by the addition of Nelson Maintenance as a defendant.

## B.

■ Amtrak also argues that even if diversity jurisdiction were destroyed by virtue of the joinder of Nelson Maintenance, the Court retains federal question jurisdiction. It alleges that because it is a District of Columbia corporation that was created by an act of Congress, pursuant to 45 U.S.C. § 501 *et seq.*[8], and more than one-half of its capital

stock is owned by the United States, the Court retains subject matter jurisdiction over the action under 28 U.S.C. §§ 1441, 1331 and 1349 even after diversity is destroyed.[9]

Amtrak is correct that the law is well-settled that federal courts have federal question jurisdiction over suits by or against Amtrak under 28 U.S.C. § 1331. *See, e.g., Lofurno v. Amtrak Nat'l R.R. Corp.,* No. 91 Civ. 5978, 1992 WL 170646, *1–2 (S.D.N.Y. July 8, 1992) (Leval, J.) (denying plaintiff's motion for remand); *Boone v. National R.R. Passenger Corp.,* No. Civ. A. 93–0770, 1993 WL 93946, *2 (E.D.Pa. March 30, 1993) (same); *Estate of Wright v. Illinois Cent. R.R. Co.,* 831 F.Supp. 574, 574 (S.D.Miss. 1993) (federal court had jurisdiction over case against Amtrak). However, Amtrak faces the insurmountable problem that in its petition for removal, it did not assert federal question jurisdiction as a basis for removal; rather, it asserted only diversity jurisdiction.

A notice of removal is required to contain a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The notice of removal generally must be filed within thirty days after the receipt of the initial state court pleading. 28 U.S.C. § 1446(b). A defendant may not amend its notice of removal after this thirty-day period to remedy a substantive defect in the petition. In *Stuart v. Adelphi Univ.,* No. 94 Civ. 4698, 1994 WL 455181 (S.D.N.Y. Aug. 19, 1994), the court explained:

> Courts generally agree that such leave [to amend a notice of removal] should be given only [when] the proposed amendments are technical in nature or merely serve to clarify what was contained in the original notice for removal, but not when the proposed amendment aims to remedy a fundamental defect in the original notice of removal *or attempts to add a new ground for removal.*

---

**8.** This statute was repealed on July 5, 1994, Pub.L. No. 103–272, § 7(b), 108 Stat. 1379 (1994) and now is covered generally in 49 U.S.C. § 20101 *et seq. See, e.g.,* 49 U.S.C. § 24301.

**9.** 28 U.S.C. § 1349 provides:

> The district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, unless the United States is the owner of more than one-half of its capital stock.
> 28 U.S.C. § 1349.

*Id.* at *1 (citations omitted) (emphasis added); *see also In re CBS Inc.*, 762 F.Supp. 71, 73 (S.D.N.Y.1991) ("A petition for removal may be amended freely within the statutory 30–day period calculated from the date of service of the initial state court pleading. Thereafter it may be amended to set forth more specifically grounds for removal which were imperfectly stated in the original petition. The prior decisions have made a distinction between an 'imperfect' or 'defective' allegation and a wholly missing allegation, which cannot be supplied by amendment after the 30–day period has run."); *Ryan v. Dow Chem. Co.*, 781 F.Supp. 934, 939 (E.D.N.Y.1992) (Weinstein, J.) ("As applied to removal petitions, section 1653 [of Title 28] allows parties to clarify pleadings after filing. It does not sanction the addition of new substantive allegations.") (citations omitted).

Amtrak did not assert its federal question basis for removal in its notice of removal in any way. This Court cannot now, six months after the filing of the notice of removal and more than seven months after the filing of the complaint, permit it to add this new substantive ground for removal.

For all of the foregoing reasons, the plaintiffs' motions are granted. The defendant's request for leave to amend the notice of removal is denied. The plaintiffs are directed to serve and file an amended complaint within thirty (30) days of the date of this opinion. Immediately upon filing and service of the amended complaint, the Clerk of the Court is directed to remand the case to the New York State Supreme Court, New York County.

**SO ORDERED.**