**GMA ACCESSORIES, INC., Plaintiff,**

v.

**DML MARKETING GROUP, LTD., and Bloomingdale's, Inc., Defendants.**

No. 04 Civ. 10321(DC).

United States District Court,
S.D. New York.

June 22, 2005.

The Bostany Law Firm by John P. Bostany, New York City, for Plaintiff.

Lennon & Klein, P.C. by David P. Lennon, New York City, for Defendants.

### MEMORANDUM DECISION

CHIN, District Judge.

In this copyright infringement case, plaintiff GMA Accessories, Inc. ("GMA") sues DML Marketing, Inc. ("DML") and Bloomingdale's, Inc. ("Bloomingdale's") for allegedly marketing and selling a "knock-off" of plaintiff's copyrighted "fuzzy monkey" socks. Plaintiff moves to amend the complaint to add four additional parties pursuant to Fed. R.Civ.P. 20. For the reasons that follow, the motion is granted.

### STATEMENT OF THE CASE

At some point before 2003, GMA created and designed a work of art described as a

"fuzzy monkey." (Am.Compl.¶ 14). On or about November 28, 2003, GMA was assigned a certificate of registration by the Copyright Office, giving GMA the exclusive rights to the "fuzzy monkey" design. (*Id.* ¶ 17). Since approximately 2002, GMA has manufactured and sold socks using the "fuzzy monkey" design (the "fuzzy monkey socks"). (*Id.* ¶¶ 21, 22). On or about December 14, 2004, GMA learned that defendants DML and Bloomingdale's were selling an alleged "knock-off" of the fuzzy monkey socks. (*Id.* ¶ 23). According to the amended complaint, DML sold Bloomingdale's the infringing fuzzy monkey socks. (*Id.* ¶ 24).

During discovery in March 2005, plaintiff learned of twenty-four different entities that were allegedly sold the infringing fuzzy monkey socks manufactured by DML. (Bostany Aff. ¶ 8). Twenty of these entities are small stores and plaintiff does not seek to join them. (*Id.* ¶ 9). Four of the stores, however, are affiliated with large chains that have allegedly purchased and sold the infringing fuzzy monkey socks at locations throughout the country. (*Id.* ¶ 10; *see also* Prop.2d Am. Compl. ¶¶ 51, 52, 53).[1] Specifically, plaintiff seeks to add the May Department Stores Co., Saks Inc., Federated Department Stores, Inc., and the Kroger Co. (*See* Prop.2d Am. Compl.).

Defendants submitted an affirmation in which they assert that "there is no basis to amend the complaint to add the additional defendants since these legal entities did not purchase any of the alleged infringing socks from DML." (Lennon Aff. ¶ 16). Defendants do not object to the proposed second amended complaint, however, provided the additional defendants have the "right to move to dismiss for naming the wrong party." (*Id.*). Defendants also request that if the motion to join the additional defendants is granted, that the answer previously filed by DML and Bloomingdale's be deemed their answer to the second amended complaint. (*Id.*).

### DISCUSSION

A. **Applicable Law**

Fed.R.Civ.P. 20(a) provides that "all persons may … be joined in one action as

---

1. References to "Prop.2d Am. Compl." are to    plaintiff's proposed second amended complaint.

defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Joinder of claims and parties is "'strongly encouraged.'" *Gursky v. Northwestern Mut. Life Ins. Co.,* 139 F.R.D. 279, 282 (E.D.N.Y.1991) (citing *United Mine Workers v. Gibbs,* 383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)).

### B. *Application*

■ The motion to add the four corporate entities that allegedly purchased the infringing socks from DML is granted. As this case stands now, plaintiff alleges that DML sold infringing fuzzy monkey socks to Bloomingdale's. (*See* Am. Compl. ¶ 25). The claims alleged against the four additional proposed defendants are identical to those alleged against the current defendants. (*See generally* Prop.2d Am. Compl.). GMA alleges that DML sold the infringing fuzzy monkey socks to the various defendant stores and the stores in turn sold them to the public, in violation of copyright law. (*Id.*). All of plaintiff's claims arise out of the same "series of transactions or occurrences" and many question of law and fact will be common to all defendants. *See* Fed.R.Civ.P. 20; *Gursky,* 139 F.R.D. at 282. Accordingly, there can be no question that a trial on the merits will involve many issues of law and fact common in their application to all defendants. In addition, defendants do not allege any undue delay, bad faith, or prejudice by allowing plaintiff to join the additional defendants. *See, e.g., Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Fustok v. Conticommodity Servs., Inc.,* 103 F.R.D. 601, 603 (S.D.N.Y.1984).

■ Defendants' only objection to joining the four additional defendants—styled more as an observation than an objection—is that the proposed defendants are parent corporations of smaller stores, and that the smaller stores are the proper defendants. (*See* Lennon Aff. ¶¶ 14, 16). The objection is overruled. Plaintiff has made the necessary threshold showing that the proposed defen-

dant corporations are subject to the jurisdiction of this Court, alleging that the defendants regularly do business in New York and that certain transactions in this case involving the additional defendants took place in New York. (*See* Bostany Reply Aff. ¶ 8). *See also Ball v. Metallurgie Hoboken–Overpelt,* 902 F.2d 194, 197 (2d Cir.1990) ("At [the] preliminary stage, the plaintiff's prima facie showing may be established solely by allegations."). Defendants' objection to joinder based on jurisdiction and naming of the purportedly wrong parties is premature. The additional defendants will be able assert any available defenses, jurisdictional or otherwise, at a later stage of the case. The motion to amend the amended complaint to add four additional defendants is granted.

### CONCLUSION

For the reasons set forth above, the motion to amend the amended complaint to add the May Department Stores Co., Saks Inc., Federated Department Stores, Inc., and the Kroger Co. as defendants is granted. DML and Bloomingdale's answer to the amended complaint is deemed their answer to the second amended complaint.

SO ORDERED.