Leo **WILSON** and Dahlia
Wilson, Plaintiffs,

v.

**FAMATEX GmbH FABRIK FUER TEXTILAUSRUESTUNGSMASCHINEN**
and
**Deutsch Babcock Technologies, Inc.,
Defendants.**

**FAMATEX GmbH FABRIK FUER TEXTILAUSRUESTUNGSMASCHINEN,
Third–Party Plaintiff,**

v.

**BRONXWOOD DYEING COMPANY,
INC., Third–Party Defendant.**

No. 88 Civ. 6410 (MEL).

United States District Court,
S.D. New York.

Dec. 15, 1989.

Glatzer, Belovin & Kirchhofer, P.C., Bronx, N.Y., for plaintiffs; William D. Kirchhofer, of counsel.

Quinn & Suhr, White Plains, N.Y., for defendant and third-party plaintiff; Timothy C. Quinn, Jr., of counsel

LASKER, District Judge.

Plaintiff Leo Wilson was injured on January 13, 1987 while working as a mechanic for Bronxwood Dyeing Company, Inc. ("Bronxwood"). A dyeing machine he was operating inadvertently started, crushing his finger.

Wilson and his wife Dahlia Wilson, citizens of New York, initiated this products liability action against Famatex, the manufacturer of the dyeing machine, in New York Supreme Court, Bronx County, in September of 1988. The complaint alleges that because the machine was unsafe and defective in design, Famatex as the manufacturer of the machine was strictly liable for their damages. Famatex, a German corporation, removed the action to this court.

Dr. Stanley Schoenbach, a plastic surgeon and a citizen of New York, performed surgery on Leo Wilson's finger a few days after the injury. He also treated the finger at his office on a number of occasions after the surgery. The Wilsons and their attorney have concluded that Dr. Schoenbach committed medical malpractice in his treatment of Leo Wilson's finger which resulted in the permanent loss of motion of that finger. This conclusion was confirmed by a malpractice consultant who reviewed the records.

The Wilsons now seek to amend their complaint to name Dr. Schoenbach as a defendant. Because Dr. Schoenbach and the Wilsons are both citizens of New York, if Dr. Schoenbach is joined, complete diversity will no longer exist and this court will not have subject matter jurisdiction. 28 U.S.C.A. § 1447(e) (West Supp.1989) states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to state court." Thus, if the Wilsons are permitted to join Dr. Schoenbach, the case must be remanded to New York state court.

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend pleadings "shall be freely given when justice so requires." More specifically, Rule 20 of the Federal Rules of Civil Procedure embodies the federal policy of permissive joinder. The rule reads in pertinent part:

All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Here, the requirements for permissive joinder under Rule 20 are clearly satisfied. The Wilsons assert a right to relief against both Dr. Schoenbach and Famatex for the injury to Leo Wilson's finger. Although Dr. Schoenbach's treatment of Leo Wilson's finger is a separate proposition from the injury of his finger in the machine, the two incidents are part of a series of occurrences which have allegedly contributed to the current condition of Leo Wilson's finger. Common questions of law and overlapping questions of fact will arise both with regard to the cause of Leo Wilson's disability and the extent of his damages. Famatex is likely to argue that the malpractice of Dr. Schoenbach, and not the alleged malfunction of its machine, left Leo Wilson unable to move his finger, while Dr. Schoenbach can be expected to contend

that the finger was crushed beyond repair by the Famatex machine. Common questions of law will arise with regard to the relative liability of Famatex and Dr. Schoenbach as alleged consecutive tortfeasors. Therefore, joinder of Dr. Schoenbach is permissible under Rule 20.

Fulfillment of the requirements of Rule 20, however, is not alone enough to warrant granting the Wilsons' motion. "Permissive joinder rests with the sound discretion of the Court, which must determine if joinder 'will comport with the principles of fundamental fairness.'" *Shaw v. Munford*, 526 F.Supp. 1209, 1213 (S.D.N.Y.1981) (quoting *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980)). Although it is within the sound discretion of the court to permit a proper party to be joined even if the citizenship of that party destroys diversity and requires a remand, as it would here, *Acme Electric Corp. v. Sigma Instruments, Inc.*, 121 F.R.D. 26, 28 (W.D.N.Y.1988); *McIntyre v. Codman and Shurtleff, Inc.*, 103 F.R.D. 619, 620–21 (S.D.N.Y.1984); *Shaw*, 526 F.Supp. at 1213 (S.D.N.Y.1981),[1] careful consideration of the principles of fundamental fairness is especially important in such a case.

Generally, a plaintiff may not act to divest the federal court of jurisdiction over a case that has been properly removed. *Shaw*, 526 F.Supp. at 1213. Therefore, when joinder would necessitate a remand, the court must determine whether the plaintiff seeking joinder is motivated primarily by a desire to force a remand to his forum of choice.

The Wilsons' attorney states: "The sole purpose for the instant application ... is to insure judicial economy, conserve counsels (sic) resources, and to avoid the possibility of multiple trials arising out of the same sequence of events." Affidavit of William Kirchhofer, Esq. (June 2, 1989) at ¶ 25. The Wilsons stress that if the court does not permit them to join Dr. Schoenbach, they will be forced to instigate a separate action against the doctor. Moreover, the Wilsons point out that if a verdict is rendered against it, Famatex may be entitled to indemnity or contribution for the injury allegedly caused by Dr. Schoenbach and that Dr. Schoenbach might start a third-party action against Famatex. Therefore, judicial economy would be promoted by a single lawsuit in state court. While it may also be true that the Wilsons prefer to try their case in state court, the forum they chose initially, there is no reason to conclude that this preference is their sole or predominant motivation for seeking to join Dr. Schoenbach at this time.

Although there was a delay of approximately ten months between the filing of the original complaint and the motion seeking amendment, the Wilsons explain that Dr. Schoenbach was not originally joined as a defendant because in September of 1988 when they filed their complaint, they had no reason to believe that Dr. Schoenbach had committed malpractice. This explanation is particularly credible because if Dr. Schoenbach had been named as a defendant originally, the case would not have been removed to federal court.

If joinder is not permitted, a multiplicity of lawsuits may ensue, resulting in extra expense to the parties, the waste of judicial resources and the possibility of conflicting outcomes in separate proceedings involving common questions of law and fact. Discovery has not yet been completed and no date has been set for trial. Dr. Schoenbach has known of the existence of this action since January of 1987 when the Wilsons' attorney first wrote to him seeking Leo Wilson's medical records. Although he may not have known that he might be named as a defendant, joinder at this stage of the proceedings will not prejudice his ability to prepare a defense.

---

1. Rule 19(a) of the Federal Rules of Civil Procedure, which provides for the joinder of necessary or indispensable parties if such joinder would not deprive the court of subject matter jurisdiction, is not applicable here. Dr. Schoenbach is neither a necessary nor an indispensable party and, as explained above, if he is joined as a defendant the court will be deprived of subject matter jurisdiction. Nevertheless, the court retains the power to permit joinder under Rule 20. *Acme*, 121 F.R.D. at 28; *McIntyre*, 103 F.R.D. at 620–21; *Shaw*, 526 F.Supp. at 1213.

Neither will the joinder of Dr. Schoenbach prejudice Famatex's ability to defend against the Wilsons' claims. Indeed, the only prejudice asserted by Famatex is that Famatex "believed [when the case was removed] and believes now that a federal forum is more likely to yield a just and equitable result in this particular case than would a state forum." Memorandum of Law in Opposition to Cross–Motion and in Reply (June 8, 1989), at 6–7. Even if there is a rational basis for such a belief (and none has been asserted here), the inability to have one's case tried in the most favorable forum does not alone constitute prejudice. To permit Famatex to block the joinder of a proper party for such a reason would be contrary to the policy against forum shopping.

The Wilson's motion to amend the complaint is granted and the case is remanded to state court pursuant to 28 U.S.C.A. § 1447(e) (West Supp.1989). Under the circumstances, it is more appropriate for the judge who will be managing the case in state court to rule on the motion by Famatex for a protective order requiring the Wilsons' to follow discovery procedures established by the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

It is so ordered.