Cynthia P. **RODRIGUEZ**, an infant by her mother and natural guardian, Yomary **RODRIGUEZ**, Plaintiff,

v.

**ABBOTT LABORATORIES**, Abbott Pharmaceuticals, and Abbott Hospital Products Division, Defendants.

No. 92 Civ. 7876 (SWK).

United States District Court, S.D. New York.

Nov. 1, 1993.

As Corrected Nov. 10, 1993.

---

Schneider, Kleinick & Weitz, P.C., New York City by Perry D. Silver, for plaintiff.

Patterson, Belknap, Webb & Tyler, New York City by Gordon L. DeMario, for defendants.

### MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

Plaintiff Cynthia Rodriguez ("Cynthia"), by her mother and natural guardian, Yomary Rodriguez ("Mrs. Rodriguez"), originally brought this action in New York State Supreme Court, New York County ("state court"), seeking to recover damages for injuries she received prior to and during birth. On October 27, 1992, defendants, Abbott Laboratories, Abbott Pharmaceuticals and Abbott Hospital Products Division (collectively, "Abbott"), foreign corporations, removed the case to this Court on the basis of diversity jurisdiction. Plaintiff now moves to join as defendants The Presbyterian Hospital (the "Hospital"), a domestic corporation, and Searle & Co., Searle Pharmaceuticals, Inc., and G.D. Searle & Co (collectively, "Searle"), foreign corporations, and to remand the entire action to state court pursuant to Rule 20 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1447(e). For the reasons set forth below, plaintiff's motion is granted in part and denied in part.

1. The following undisputed facts are taken from the plaintiff's complaints in two actions pending in state court, entitled: (1) *Rodriguez v. The Presbyterian Hospital*, filed on August 26, 1988, and (2) *Rodriguez v. Searle & Co., Searle Pharmaceuticals, Inc., G.D. Searle & Co., Bristol Laboratories, and Elkins–Sinn, Inc.*, filed on February 5, 1992. The Court also refers to the complaint in this action, Orders of Justice Ira Gammerman, New

### BACKGROUND[1]

In March 1985, Hospital personnel prescribed and administered a drug, aminophylline, to Mrs. Rodriguez, to treat her asthma condition during pregnancy. The ingestion of aminophylline allegedly caused extensive, permanent injuries to Mrs. Rodriguez's unborn child, Cynthia. The infant allegedly suffered further injuries as a result of the Hospital's negligence during delivery.

On August 26, 1988, Cynthia, by her mother, instituted an action for medical malpractice in state court against the Hospital, entitled *Rodriguez v. The Presbyterian Hospital.* While that action was pending, and based on information obtained during discovery, Mrs. Rodriguez brought a second action in state court, on February 5, 1992, for products liability against defendants Searle, Bristol Laboratories ("Bristol") and Elkins–Sinn, Inc. ("Elkins–Sinn"), all of whom are corporations that manufacture aminophylline.[2] Thereafter, on March 9, 1992, New York State Supreme Court Justice Ira Gammerman consolidated the cases pending against Searle and the Hospital.

During discovery in the consolidated action, Paul Cardillo, associate director of the pharmacy department at the Hospital, revealed that the Hospital regularly purchased aminophylline from Abbott during the relevant time period, and not from Searle. *See* Deposition of Paul Cardillo ("Cardillo Dep."), taken on September 30, 1992, at 49. Accordingly, on September 14, 1992, plaintiff brought a third suit in state court against Abbott. Abbott timely removed to this Court. Thereafter, on March 23, 1993, Justice Gammerman granted Searle's motion for summary judgment, dismissing the complaint against it. Plaintiff now seeks to join Searle and the Hospital to this action, and to remand the case to state court for further proceedings.

York State Supreme Court, dated March 9, 1992 and September 23, 1993, and Stipulation and Order of Dismissal, dated December 21, 1992.

2. After further discovery, however, the claims against Bristol and Elkins–Sinn were dismissed without prejudice. *See* Stipulation and Order of Dismissal, dated December 21, 1992.

## DISCUSSION

### I. Joinder of Searle

■ Plaintiff moves to join Searle to this action, pursuant to Rule 20 of the Federal Rules of Civil Procedure.[3] Rule 20 states:

All persons may join in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Pursuant to Rule 20, joinder is permitted only if: (1) a right to relief is asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence or series of occurrences; and (2) a common question of law or fact arises. *Desert Empire Bank v. Insurance Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir.1980).

■ Searle contends that it cannot be joined to this action as it was already granted summary judgment dismissing the prior state court action against it. The Court agrees. This Court has held that joinder is not permitted where "there can be no recovery [against the joined defendant] under the law of the state on the cause alleged ..." *Allied Programs Corp. v. Puritan Ins. Co.*, 592 F.Supp. 1274, 1276 (S.D.N.Y.1984) (citing *Nosonowitz v. Alleghany Beverage Corp.*, 463 F.Supp. 162, 163 (S.D.N.Y.1978)).

■ Moreover, it has long been established that the principles of *res judicata* preclude relitigation of a state court judgment in federal court. In *Kremer v. Chemical Constr. Corp.* 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982), for example, the United States Supreme Court stated that 28 U.S.C. § 1738 [4] "requires federal courts to give the

same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Id.* at 466. Thus, federal courts must grant state court judgments full effect provided the elements of *res judicata* are satisfied. *Multi–State Communications, Inc. v. United States*, 648 F.Supp. 1203, 1206 (S.D.N.Y.1986). *Res judicata* will bar subsequent litigation provided there is (1) identity of the claims; (2) a full and fair opportunity to litigate those claims in the first action; and (3) privity between the parties to the two actions. *Id.* at 1206.

■ In the present action, it is clear that the requirements of *res judicata* have been met. Both the parties and issues set forth in this case are virtually identical to those set forth in the state court action. Moreover, as summary judgment is a final judgment on the merits sufficient to raise the defense of *res judicata* in a subsequent action between the parties, *see* 1B James Wm. Moore et al., Moore's Federal Practice ¶ 0.409[1] (2d ed. 1984), plaintiff can no longer assert "a right to relief" against Searle in this action. Accordingly, as the Court finds that the requirements for permissive joinder have not been satisfied, plaintiff's motion to join Searle is denied.

### II. Joinder of the Hospital

■ Plaintiff also moves to join the Hospital as a defendant in this action. Abbott argues, however, that the presence of different legal claims against itself and the Hospital, *i.e.*, products liability and medical malpractice, warrants separate adjudication and precludes joinder. For the reasons set forth below, plaintiff's motion to join the Hospital is granted.

---

**3.** As plaintiff has not argued that the Hospital and Searle are indispensable parties who must be joined under Federal Rule of Civil Procedure 19, the Court will not address this issue. In any event, the Court notes that joint tortfeasors are not indispensable parties, but merely permissive parties pursuant to Rule 19(a). *Kerr v. Compagnie De Ultramar*, 250 F.2d 860, 863 (2d Cir. 1958); *Crowthers McCall Pattern, Inc. v. Lewis*, 129 B.R. 992, 1003 (S.D.N.Y.1991); *New York v. Waterfront Airways, Inc.*, 620 F.Supp. 411, 413

(D.C.N.Y.1985); *Picard v. Wall Street Discount Corp.*, 526 F.Supp. 1248, 1252 (S.D.N.Y.1981).

**4.** 28 U.S.C. § 1738 states, in pertinent part, "Such acts, records and judicial proceedings [of any court of any such State] or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."

■ It is well established that the presence of two different legal claims does not prevent joinder where the claims arise from a single source. *Wilson v. Famatex GmbH Fabrik Fuer Textilausruestungsmaschinen,* 726 F.Supp. 950, 951 (S.D.N.Y.1989); *McIntyre v. Codman & Shurtleff, Inc.,* 103 F.R.D. 619, 621 (S.D.N.Y.1984); *Zupich v. Flushing Hosp. and Medical Ctr.,* 156 A.D.2d 677, 549 N.Y.S.2d 441, 442 (2d Dep't.1989) (permitting consolidation of products liability and medical malpractice actions in order to avoid inconsistent verdicts and conserve judicial resources). In the present action, the administration of aminophylline and the Hospital's treatment of Mrs. Rodriguez prior to and during Cynthia's delivery are part of a series of occurrences that allegedly contributed to plaintiff's current condition. As a result, overlapping questions of fact necessarily will arise with regard to the cause and extent of plaintiff's injuries, and the relative liability of Abbott and the Hospital. Accordingly, the Court finds that the requirements of joinder have been satisfied.

■ Nevertheless, fulfillment of the requirements of Rule 20 is not enough to warrant granting plaintiff's motion. In exercising its discretion under Rule 20, the Court must next determine whether joinder will comport with the principles of fundamental fairness. *Wilson v. Famatex GmbH Fabrik Fuer Textilausruestungsmaschinen,* 726 F.Supp. at 952. Moreover, the Court must carefully scrutinize the basis for joinder where joinder will defeat diversity jurisdiction and mandate the court to remand the action to state court, pursuant to 28 U.S.C. § 1447(e). *Id.; McIntyre v. Codman & Shurtleff, Inc.,* 103 F.R.D. at 621. In such cases, the Court must determine whether the plaintiff seeking joinder "is motivated primarily by a desire to force a remand to the forum of his choice." *Wilson v. Famatex GmbH Fabrik Fuer Textilausruestungsmaschinen,* 726 F.Supp. at 952.

In the present case, plaintiff moves to join the Hospital even though the Hospital is a defendant in an action that has been pending since 1988. Despite the delay, however, the Court has no reason to suspect that plaintiff is merely attempting to defeat diversity and drag the case into her originally selected forum. In fact, plaintiff brought the original action against the Hospital on the ground that it was solely responsible for her injuries. It was only during discovery, in September 1993, that she learned of Abbott's alleged role in causing her injuries. Plaintiff promptly brought suit against Abbott one month later, in October 1992. While the Court notes that plaintiff could have avoided the instant motion by simply joining Abbott to the original action, the Court sees no reason why the two actions should not be consolidated now.

Abbott contends that permitting joinder at this late date would unfairly prejudice it because substantial discovery has already been completed in the action against the Hospital. Nevertheless, the Court does not find this contention to be a compelling reason to deny joinder.[5] In contrast, the Court finds that plaintiff would be unfairly prejudiced by having to litigate in two different forums. Indeed, such dual litigation could result in unnecessary expense and conflicting results. Moreover, the Court finds that multiple suits would constitute a clear waste of judicial resources, particularly as common questions of fact would necessitate utilizing the same witnesses and documents in both cases. Thus, in the interest of avoiding separate actions, as well as for the convenience of witnesses, counsel and the courts, plaintiff's motion to join Abbott is granted, and this action is remanded to state court for further proceedings.[6]

## CONCLUSION

For the reasons set forth above, plaintiff's motion to join Searle is denied. Plaintiff's motion to join the Hospital is granted, and

5. However, the Court recommends that Abbott be given sufficient time to engage in any discovery necessary to defend itself.

6. Permitting joinder of the Hospital, a New York corporation, defeats diversity. As a result, this Court is divested of subject matter jurisdiction and must remand the entire action to state court pursuant to 28 U.S.C. § 1447(e).

this action is remanded to state court for further proceedings.

SO ORDERED.