Limor ROSENTHAL, Plaintiff,

v.

LIFE FITNESS COMPANY, a/k/a "Life Fitness" Defendant.

No. 97–CV–4378.

United States District Court, E.D. New York.

Sept. 22, 1997.

Roger B. Lawrence, Abbate, Lawrence & Worden, P.C., Melville, NY, for Plaintiff.

Susan R. Matluck, Warshaw, Burstein, Cohen, Schlesinger & Kuh, L.L.P., New York City, for Defendant.

*MEMORANDUM AND ORDER*

GLASSER, Senior District Judge.

On August 22, 1994 Limor Rosenthal ("Rosenthal") commenced an action in the Supreme Court, Queens County against Jack LaLanne Fitness Center, Inc. ("LaLanne") alleging injuries sustained on March 9, 1994 while using a treadmill at the LaLanne facility. On March 5, 1997 Rosenthal commenced the present action in the Supreme Court,

Queens County—this time naming Life Fitness Company, the manufacturer of the treadmill, as the defendant—by filing a Summons and Verified Complaint. Lawrence Decl., pp. 1–2.

On July 30, 1997, Life Fitness filed a notice of removal in this court pursuant to 28 U.S.C. § 1446. Rosenthal has filed this motion to remand the case to the State Court pursuant to 28 U.S.C. § 1447(c) or, in the alternative, seeks to join LaLanne as a party defendant pursuant to 28 U.S.C. § 1447(e), thus destroying subject matter jurisdiction and requiring a remand to the State Court.

The chronology of events leading to the filing of this motion is as follows. Believing that service on the defendant could be effected pursuant to Business Corporation Law § 307 ("Service of Process on Unauthorized Foreign Corporation"), Rosenthal served the Secretary of State on April 4, 1997 with the Summons and Verified Complaint and mailed a package—the contents of which are disputed by the parties—to Life Fitness. Lawrence Aff., Ex. D and p. 2. On April 7, 1997, the package was delivered to and signed for by Life Fitness. *Id.* at 2–3. According to Rosenthal, the package contained both the Summons and Verified Complaint; according to Life Fitness, the package contained only a Summons. Lawrence Decl., p. 2–3; Bolger Decl., ¶ 5. The Summons clearly identified the names and residences of the parties and the subject matter of the action. Bolger Decl., Ex. A.

By letter dated June 26, 1997 plaintiff's counsel alerted Life Fitness to its failure to serve an answer and offered a twenty day extension of time to answer the Verified Complaint. That letter was received and signed for on July 1, 1997. Lawrence Decl., p. 3.

By letter dated July 16, 1997, Life Fitness acknowledged receipt of the June 26, 1997 letter and stated that the matter had been referred to counsel and that an answer would be forthcoming. *Id.,* Ex. H. An answer was sent to Rosenthal by Federal Express on August 1, 1997, but was objected to as untimely by letter dated August 5, 1997. *Id.,* Exs. I and J.

Rebecca Bolger, a paralegal employed by Life Fitness "who is responsible for the initial intake and review of legal matters, including summons, new complaints and other legal pleading," Bolger Decl., ¶ 3, avers that she understood the summons mailed in April to be connected to the ongoing dispute between Rosenthal and LaLanne and that she only learned of an action directed against Life Fitness when she received the June 26, 1997 letter on or about July 10, 1997.[1]

## DISCUSSION

### A. *What Triggers the 30–Day Clock: Receipt or Service?*

■ Life Fitness argues that it was never properly served and that, for that reason, its petition is timely.

The removal statute provides that

[t]he notice of removal ... shall be filed within thirty days after the receipt by the defendant, through service *or otherwise,* of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ...

28 U.S.C. § 1446(b) (emphasis added). Although many courts have held that the 30–day removal period commences upon perfection of service,[2] the better rule is that the 30–day period commences upon receipt of an initial pleading providing notice that the action is removable. *See, e.g., Roe v. O'Donohue,* 38 F.3d 298 (7th Cir.1994); *Tech Hills II Associates v. Phoenix Home Life Mutual Ins. Co.,* 5 F.3d 963 (6th Cir.1993); *Weimer v. City of Johnstown, N.Y.,* 931 F.Supp. 985 (N.D.N.Y.1996); *Mermelstein v. Maki,* 830 F.Supp. 180 (S.D.N.Y.1993); *Figueroa v.*

---

1. Lawrence avers that the signatures of the recipients of the April 7, 1997 package and the June 26, 1997 letter are identical. *Compare* Lawrence Decl., Exs. G and E. Bolger avers that she does not know the identity of the recipient of the June 26, 1997 letter; she does not deny that the two signatures are identical.

2. *See, e.g., Estate of Baratt v. Phoenix Mutual Life Ins., Co.,* 787 F.Supp. 333 (W.D.N.Y.1992); *Hill v. Boston,* 706 F.Supp. 966 (D.Mass.1989). An extensive survey of the positions adopted by various courts was undertaken in *Shoemaker v. GAF Corp.,* 814 F.Supp. 495 (W.D.Va.1993).

*Kim,* 813 F.Supp. 267 (S.D.N.Y.1993). Although many of these decisions state that the division between advocates of the service and the receipt rules is fairly equal, *see, e.g., Figueroa,* 813 F.Supp. at 268, the only appellate courts that have construed the statute have adopted the receipt rule and have not required proper service. As the *Roe* court stated,

> [a]ccordingly, we hold that the 30 days commences when the defendant, or its authorized agent, comes into possession of a copy of the complaint whether or not the delivery complies with the requirements of "service."

38 F.3d at 304.

The focus of the statute is clearly "to enable the defendant to intelligently ascertain removeability from the face of [the] initial pleading." *Ardison v. Villa,* 248 F.2d 226, 227 (10th Cir.1957). The conclusion, that receipt and not service, triggers the thirty day clock, is consonant with the focus on ascertainment of removeability and makes sense of the "or otherwise" language of 28 U.S.C. § 1447(a). Moreover, as the *Figueroa* court put it, it is "buttressed by the well-established rule that removal statutes are to be construed strictly and against removal." 813 F.Supp. at 268 (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941)).

### B. Was Life Fitness Served with an "Initial Pleading"

Having established that proper service is not required for the 30–day clock to begin ticking, it is now necessary to determine whether the contents of the April 7, 1997 package satisfy the "initial pleading" requirement of the removal statute. Because of the factual discrepancy between the two accounts—Life Fitness claiming that only a summons was delivered and Rosenthal claiming that both summons and complaint were delivered—we will assume that only a Summons was received and consider whether that Summons alone may constitute an "initial pleading" for purposes of 28 U.S.C. § 1447(c).

In *E.W. Howell Co. v. Underwriters Laboratories,* 596 F.Supp. 1517 (E.D.N.Y.1984),

this Court held that a summons by itself did not constitute an "initial pleading" to start the thirty day clock mandated by § 1446(b). Essential to that holding was plaintiff's unexplained substitution of the words "business address" for "residence" on the form. Drawing on the analysis of the removal statute provided by *Ardison,* the court held that "[t]he clear implication of this section [the removal statute] is that an 'initial pleading' is a document from the face of which a defendant can 'intelligently ascertain removeability . . . .' " 596 F.Supp. at 1520 (quoting *Ardison,* 248 F.2d at 227).

■ As applied to the facts presented here, the summons does not provide notice of removeability. In particular, it does not specify the amount of damages sought in the action. Because diversity jurisdiction is available only for claims stating an amount in controversy in excess of $75,000.00, 28 U.S.C. § 1332, the notice does not give any indication that removal is possible.

It may be questioned whether service of the summons alone, in any event, would suffice to commence the 30 day period given the observation of the Court in Roe that

> [c]ommittee reports show that one function of the amendment is to ensure that the time does not begin until the defendant has a copy of the pleadings; if the plaintiff effects service without enclosing a copy of the complaint (as some states allow), the defendant need not guess whether the case is removable.

38 F.3d at 303.

For these reasons, it must follow that the summons delivered on April 7, 1997 does not constitute an "initial pleading" for purposes of the removal statute.

### C. Is Remand Justified under § 1447(e)?

Consideration must now be given to Rosenthal's claim that joinder of LaLanne and subsequent remand of this action would, in any event, be appropriate under the discretion afforded a district court judge under 28

U.S.C. § 1447(e).[3] That provision reads as follows:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

Although the Second Circuit has not spoken to the issue, district courts have considered the following factors in determining joinder and remand motions:

> (1) any delay, and the reasons for delay, in seeking to amend; (2) any resulting prejudice to the defendant; (3) the likelihood of multiple litigation; and (4) the plaintiff's motivation in moving to amend.

*Young v. Simon Ladder Towers, Inc.,* 1996 WL 685753, *2 (W.D.N.Y.1996). *See also DiNardi v. Ethicon, Inc.,* 145 F.R.D. 294, 297–98 (S.D.N.Y.1993).

> Each of these elements is addressed in turn.

#### a. *Delay*

■ Neither party addresses the issue of delay. Because delay is measured from the time of removal, *see,* e.g., Simon *Ladder,* 1996 WL 685753, *2, there is none.

#### b. *Prejudice*

Life Fitness claims that it will be prejudiced if this action is remanded to state court because New York procedure generally does not permit depositions of expert witnesses. Although it cites numerous decisions of New York courts denying a right to expert depositions, it does not cite any decisions of federal courts holding that this demonstrates prejudice. If this action is remanded, Life Fitness will get the same opportunity to pursue expert discovery as will Rosenthal.

Life Fitness does not claim prejudice on any other basis. The action against La-Lanne is "still in its very early stages" and, in any event, it appears that Life Fitness was aware of the action. *See* Memorandum of Law in Support of Motion Pursuant to 28 U.S.C. § 1447(c) and (e) at 5; Lawrence Decl., Ex. H (July 16, 1997 letter from Rebecca Bolger bearing heading "Limor Rosenthal v. Jack LaLanne Fitness Centers, Inc. v. Life Fitness, Inc."). *See Shaw v. Munford,* 526 F.Supp. 1209, 1215 n. 11 (S.D.N.Y.1981) (noting that this is a factor to be considered).

#### c. *Multiple Litigation*

If this action is not remanded, there will be two proceedings involving the same injury arising from the same event. Although *some* of the evidence that will be introduced will be different, much will be the same. Courts in this Circuit have repeatedly held that avoidance of multiple litigation points toward joinder of a party even if joinder will defeat diversity. In *Simon Ladder,* for example, the court allowed the plaintiff firefighter to join the City of Buffalo as a defendant in his action against a truck manufacturer even though the action would need to be remanded as a result. A major factor in the decision was the conclusion that much of the evidence—particularly concerning the injuries sustained—would be the same and that there was a possibility for inconsistent judgments. *Id.* at *3.

A similar result was arrived at in *Rodriguez v. Abbott Laboratories,* 151 F.R.D. 529 (S.D.N.Y.1993). There, after suit was brought in state court against a hospital for administering a drug that had allegedly resulted in injuries sustained by the plaintiff, plaintiff brought a second action against the drug manufacturer. When the manufacturer removed the action to federal court, the court granted the plaintiff's motion to join the hospital and—because the hospital was nondiverse—remanded the action to state court. *See also Wilson v. Famatex,* 726 F.Supp. 950 (S.D.N.Y.1989) (motion to join nondiverse party and remand granted to permit plaintiff to join doctor to ongoing products liability action against manufacturer of device causing injury).

---

**3.** Neither party addresses the application of Fed. R. Civ. Proc. 15 and 20. However, because Rule 15 permits amendment "when justice so requires" and Rule 20, which deals with permissive joinder, allows for joinder "if there is asserted against [the defendants] any right to relief in respect of or arising out of the same transaction or occurrences and if any question of law or fact common to all defendants will arise in the action," it is clear that neither rule is an obstacle to joinder.

Failure to remand this action would result in evidence presented in two fora on the circumstances and extent of Rosenthal's alleged injuries. Moreover, at least two of the defenses raised by Life Fitness in its answer, implicate the conduct of LaLanne. *See* Lawrence Decl., Ex. I at 9–10 (ninth and tenth affirmative defenses allege that the treadmill was modified or altered after it left Life Fitness' possession)

#### d. *Rosenthal's Motive*

Although Rosenthal obviously would prefer to litigate this action in her chosen forum—after all, Rosenthal also argues that this action must be remanded because removal was untimely—that is not sufficient reason to deny her request to join LaLanne. Instead, the Court must determine whether her sole motive in joining LaLanne is to destroy diversity and have this action remanded. *See, e.g., Simon Ladder,* 1996 WL 685753, *3 (because of pending state court action against party plaintiff is seeking to join, no reason to believe sole motive is to defeat diversity jurisdiction); *Rodriguez,* 151 F.R.D. at 533 ("the Court has no reason to suspect that plaintiff is merely attempting to defeat diversity and drag the case into her originally selected forum"); *Shaw,* 526 F.Supp. at 1213 ("when there is no showing that the plaintiff seeks to join the additional defendants solely to effectuate a remand, ... the court may permit a new party to be added, although his citizenship destroys diversity and requires a remand") (citing 1A *Moore's Federal Practice,* ¶ 0.161[1] at 209 (2d ed.1981));

Here, there is no reason to believe that Rosenthal's motion to join LaLanne is motivated solely by a desire to destroy diversity jurisdiction. As in *Rodriguez* and *Simon Ladder,* an action has already been brought against LaLanne in State Court. This action was also brought in that court only when it appeared necessary to add Life Fitness as a defendant and LaLanne did not acquiesce in Rosenthal's requests that it do so. As Rosenthal's counsel explained,

> As the case against Jack LaLanne progressed, it was learned that the device on which the plaintiff was injured was manufactured by the defendant in this action,

"Life Fitness." It also became apparent as settlement talks continued that the LaLanne defendant believed that if there was liability for the injuries, at least in part, this was due to the exercise equipment itself, and as a result, it would be necessary to involve Life Fitness. Due to the potential running of the applicable three-year limitations period, plaintiff could not wait any longer for the defendant LaLanne to implead Life Fitness, and, therefore, commenced a separate action....

This explanation, identical to the explanations proffered and accepted in *Rodriguez* and *Simon Ladder,* is plainly sufficient to establish that Rosenthal is not solely motivated by a desire to defeat diversity jurisdiction.

### CONCLUSION

For the foregoing reasons, plaintiff's motion for joinder and remand is granted. Because remand is appropriate under 28 U.S.C. § 1447(e), no evidentiary hearing is required to determine whether the April 7, 1997 package contained the Verified Complaint.

SO ORDERED.