**Mary JULIANO and Wayne Juliano, Plaintiffs,**

v.

**TOYOTA MOTOR SALES, U.S.A., INC., Toyota Distributors, Inc., and Toyota Motor Corporation, Defendants.**

**No. 97 Civ. 9547(BDP).**

United States District Court, S.D. New York.

Sept. 11, 1998.

Lawrence A. Piergrossi, Klar, Piergrossi & Nunez, Bronx, NY, for plaintiffs.

Loren H. Brown, Piper & Marbury L.L.P., New York City, NY, Joel A. Dewey, Piper & Marbury L.L.P., Baltimore, NY, for defendants.

## MEMORANDUM DECISION AND ORDER

PARKER, District Judge.

### BACKGROUND

On January 11, 1996, the 1993 Lexus LS400 that Mary Juliano was driving skidded into a snow embankment. The driver's side airbag inflated and Juliano was injured. The vehicle was leased to Mary Juliano's husband, Wayne Juliano, through Ray Catena Corporation, d/b/a Ray Catena Lexus ("Ray Catena"), and Toyota Motor Credit Corporation.

On March 4, 1997, Mary and Wayne Juliano filed suit in Supreme Court, New York County against Lexus Toyota; Lexus, Inc.; Ray Catena Corporation, d/b/a Ray Catena Lexus; and Toyota Motor Credit Corporation, for injuries arising out of the accident. Plaintiffs asserted claims for breach of express and implied warranties; marketing of an unreasonably safe product and failure to warn; and negligent design, manufacture, assembly, installation, and distribution of the

Lexus airbags and vehicle itself. In addition, Wayne Juliano claimed that he was deprived of the society, comfort, services, and consortium of Mary Juliano, and that he incurred necessary medical expenses for Mary Juliano's care and treatment. Plaintiffs sought damages of $31 million.

On November 21, 1997, plaintiffs commenced a separate action in Supreme Court, New York County, against Toyota Motor Sales U.S.A., Inc.; Toyota Motor Distributors, Inc.; and Toyota Motor Corporation, based on the same accident, and asserting the same causes of action and damages. Plaintiffs contend that they originally intended to move to consolidate the two actions in New York state court. Counsel for Toyota Motor Sales, U.S.A., Inc., however, timely filed a notice of removal in this Court on the grounds of complete diversity. *See* 28 U.S.C. § 1332.

Plaintiffs now seek to join Ray Catena, the Lexus dealer, asserting that Ray Catena is necessary to fully litigate this action.[1] *See* Fed.R.Civ.P. 19, 20. Because Ray Catena's joinder would defeat diversity, plaintiffs also seek remand of this action to state court. *See* 28 U.S.C. § 1447(e). For the reasons set forth below, plaintiffs' motion is granted.

## DISCUSSION

■ After removal of an action, joinder of additional defendants is governed by 28 U.S.C. § 1447(e):

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

A court thus has discretion to decide whether to allow joinder of such parties. *Rosenthal v. Life Fitness Co.*, 977 F.Supp. 597, 599–600 (E.D.N.Y.1997); *Lederman v. Marriott Corp.*, 834 F.Supp. 112, 114 (S.D.N.Y.1993).

In exercising its discretion, the court must first determine whether the additional defendant may be joined under Fed.R.Civ.P. 20(a), which provides in relevant part:

> All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

In this case, plaintiffs move to join Ray Catena, alleging that Ray Catena may have installed and adjusted the airbag in the Julianos' car, and that it had a duty to warn the Julianos of the danger of airbags to people who are small in stature. In response, defendants submit the affidavit of John D'Innocenzo, Ray Catena's Service Manager, who states that the airbag system in the Julianos' Lexus was already installed when Ray Catena took possession of the car, and that Ray Catena did not adjust, service, maintain, or repair the airbag system from the time the Julianos took possession of the car until the time of the accident.[2] In addition, defendants submit the affidavit of Mark W. Jakstis, a Technical Analysis Manager at Toyota Motor Sales, U.S.A., Inc., who states that Ray Catena lacked "any responsibility or involvement in the design, manufacture, installation, specifications, or composition of the airbag system originally installed" in the Lexus leased by the Julianos. Defendants' contentions, however, are largely irrelevant, as plaintiffs emphasize that their action against Ray Catena sounds in failure to warn.

■ Plaintiffs contend that Ray Catena, as the vehicle's retailer, had a duty to warn plaintiffs of the dangers the airbag posed to

---

1. While plaintiffs' motion originally sought joinder of both Ray Catena and Toyota Motor Credit Corporation, plaintiffs' reply papers specify that their "primary interest" is to add Ray Catena as a party defendant, and do not mention Toyota Motor Credit Corporation.

2. D'Innocenzo also states: "Ray Catena Lexus and its employees have no responsibility or involvement in the design and preparation of any warnings or instructions pertaining to the airbag systems in Lexus vehicles, including the 1993 Lexus LS400 leased by Mr. Juliano." The statement of Ray Catena's lack of responsibility to warn customers about the Lexus airbags, however, represents a legal conclusion that this Court will not consider.

small adults and children. As a retailer, Ray Catena had a duty to warn of known dangers in the use of its product. *See, e.g.,* Prosser and Keeton, Torts, § 96, at 685 [5th ed.] ("A manufacturer or other seller is subject to liability for failing either to warn or adequately to warn about a risk or hazard inherent in the way a product is designed that is related to the intended uses as well as the reasonably foreseeable uses that may be made of the product it sells."); *Oza v. Sinatra,* 176 A.D.2d 926, 575 N.Y.S.2d 540, 543 (2d Dept.1991) (Miller, J., concurring in part and dissenting in part); *Young v. Elmira Transit Mix, Inc.,* 52 A.D.2d 202, 383 N.Y.S.2d 729, 731 (4th Dept.1976). There is, however, no duty to warn of obvious dangers, or of risks likely to be appreciated by the user. Prosser & Keeton, Torts, § 96 at 686–87; *Jackson v. Bomag GmbH,* 225 A.D.2d 879, 638 N.Y.S.2d 819, 823 (3d Dept.1996). Generally, the adequacy of warnings is a question of fact for the jury to determine. *See, e.g., Bukowski v. CooperVision, Inc.,* 185 A.D.2d 31, 592 N.Y.S.2d 807, 808 (3d Dept. 1993).

■ In this case, plaintiffs' claims against Ray Catena arise out of the accident already at issue in this case. Thus, determination of plaintiffs' claims against Ray Catena will necessarily require consideration of the same questions of law and fact raised here. While defendants contend that plaintiffs have shown no basis for independent liability on the part of Ray Catena, this Court cannot make that determination at ˙this time. Whether Ray Catena in fact had a duty to warn small persons about the dangers of airbags, and whether it breached that duty are issues to be determined at a later date, and with more information. Although plaintiffs may not ultimately prevail on their claims against the parties they seek to join, they have asserted ample bases on which to pursue them at the pleading stage. *See, e.g., Wyant v. Nat'l R.R. Passenger Corp.,* 881 F.Supp. 919, 923 (S.D.N.Y.1995). Joinder is therefore proper under Fed.R.Civ.P. 20.

■ As the Court has determined that plaintiffs have satisfied the requirements for joinder under Rule 20, this Court must next determine whether joinder will comport with

the principles of fundamental fairness. *Rodriguez v. Abbott Laboratories,* 151 F.R.D. 529, 533 (S.D.N.Y.1993). Under this analysis, factors to consider include:

(1) any delay, and the reasons for the delay, in seeking to amend; (2)˙any resulting prejudice to the defendant; (3) the likelihood of multiple litigation; and (4) the plaintiffs' motivation in moving to amend.

*Wyant v. Nat'l R.R. Passenger Corp.,* 881 F.Supp. at 923.

■ With respect to the first factor, delay is calculated from the time of removal. *Rosenthal v. Life Fitness Co.,* 977 F.Supp. at 600. In this case defendants contend that plaintiffs' motion is untimely. This Court notes that while plaintiffs may have delayed their motion unjustifiably—their Notice of Motion is dated May 18, 1998, nearly five months after the date of removal—defendants have not shown any prejudice resulting from any late filing of plaintiffs' motion. Defendants assert that they will be prejudiced by remand to state court, where they will lack the expanded expert witness disclosure, broader subpoena power, and expedited discovery and trial schedule available in federal court. Where complete diversity is lacking, however, a defendant has no "right" to the expanded discovery available in federal court. Further, Toyota cites no case law to support its argument that an increase in defendants' costs should remand occur warrants a denial of plaintiffs' motion. Indeed, if joinder and remand are not permitted, plaintiffs will be forced to litigate simultaneously in both federal and state courts, resulting in an inefficient use of judicial resources. Courts in our circuit have held that avoidance of multiple litigation weighs in favor of joinder of a party, even if joinder will defeat diversity. *Rosenthal v. Life Fitness Co.,* 977 F.Supp. at 600; *Wyant v. Nat'l R.R. Passenger Corp.,* 881 F.Supp. at 923.

Finally, defendants argue that joinder and remand should not be permitted because plaintiffs' sole motivation for joinder is to destroy diversity jurisdiction. Here, the fact that an action was previously brought in state court against the defendants sought to be joined, which plaintiffs maintain they originally intended to consolidate with this ac-

tion, suggests that plaintiffs did not move for joinder solely to destroy diversity jurisdiction.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to join Ray Catena Lexus and to remand this action is granted. The Clerk of the Court is directed to transmit the file to Supreme Court, New York County.

**SO ORDERED.**