**BROOKLYN HOSPITAL CENTER, Plaintiff,**

v.

**DIVERSIFIED INFORMATION TECHNOLOGIES, INC., Defendant/Third–Party Plaintiff,**

v.

**Grinnell Corporation, etc., Third–Party Defendant.**

No. CV–00–2144 (CPS).

United States District Court, E.D. New York.

March 8, 2001.

Roy W. Brettenbach, Garfunkel, Wild & Travis, P.C., Great Neck, NY, for Plaintiff.

Steven T. Halperin, David Halperin, PC, Halperin & Halperin, P.C., James V. O'Gara, Kelley, Drye & Warren, LLP, New York City, for Defendants.

## MEMORANDUM AND ORDER

SIFTON, Senior District Judge.

Plaintiff The Brooklyn Hospital Center ("BHC") brought this action against defendant Diversified Information Technologies, Inc., formerly known as Diversified Records Services, Inc. ("Diversified"), in the New York State Supreme Court, Kings County, seeking monetary relief based on claims of breach of contract, gross negligence, and recklessness. Defendant removed the case to this Court by filing a notice of removal on April 13, 2000. By notice of motion dated May 12, 2000, plaintiff moved to remand the case, arguing that defendant failed to file its notice of removal within thirty days following its receipt of plaintiff's initial pleading, as required by 28 U.S.C. § 1446(b).

On May 23, 2000, defendant filed a third-party complaint against third-party defendant Grinnell Corporation, sued individually and d/b/a Grinnell Fire Protection Systems Company ("Grinnell"), seeking contribution, indemnification, and damages based on claims of negligence, gross negligence, breach of contract, and breach of warranty. By notice of motion dated June 28, 2000, Grinnell moved to dismiss the third party complaint for failure to state a claim for which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, to stay the third-party action pursuant to 9 U.S.C. § 3 on the ground that Diversified's action is barred by enforceable contractual indemnification and arbitration clauses.

For the reasons set forth below, BHC's motion to remand the case to state court is granted. Because the original action is remanded, as improperly removed, I do not consider Grinnell's motion to dismiss.

## BACKGROUND

The following facts are drawn from the submissions of the parties in connection with these motions and are undisputed except as noted.

Plaintiff BHC is a not-for-profit corporation incorporated under the laws of New York. BHC's principal place of business, at which BHC operates a hospital, is in New York. Defendant Diversified is incorporated under the laws of Pennsylvania, and its

principal place of business is in Pennsylvania. Diversified engages in the business of records storage and document management. Third-party defendant Grinnell is incorporated under the laws of Delaware, and its principal place of business is in Florida. Grinnell engages in the business of providing fire protection products and services.

In 1996, BHC sent a portion of its medical and business records to Diversified for storage pursuant to a contract executed in May of 1996. A year later, on May 5, 1997, a fire occurred at Diversified's records storage facility in West Pittson, Pennsylvania (the "Facility"), at which BHC's records were stored. The fire destroyed all records stored at the Facility, including those of BHC.

Before the May 1997 fire occurred, Diversified engaged Grinnell to perform fire prevention and protection services. On October 23, 1995, Diversified and Grinnell entered into a written contract (the "inspection contract"), provided to the Court by Grinnell, according to which Grinnell agreed to provide inspection services for automatic sprinkler and other equipment located at the Facility. In this contract, Diversified agreed to "hold [Grinnell] harmless from any and all third party claims for personal injury, death or property damage, arising from [Diversified's] failure to maintain these systems or keep them in operative condition, whether based upon contract, warranty, tort, strict liability, or otherwise." (Inspection Contract, at 1.)

On August 5, 1996, Diversified and Grinnell entered into a second contract (the "construction contract"), pursuant to which Grinnell agreed to install a fire protection system and auxiliary equipment in building 8.2 of the Facility. This contract includes an arbitration clause, which provides:

> At the option of [Grinnell], any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration in accordance with the Rules of the American Arbitration Association, and judgment upon the award rendered by the Arbitrator(s) may be entered in any court having jurisdiction thereof. Any arbitration proceeding shall be held in Providence, R.I.

(Construction Contract, at 2.)

After the fire occurred but prior to the commencement of this litigation by BHC, approximately seventeen other actions were commenced in relation to the fire. These actions have been consolidated and are pending in the court of common pleas in Luzerne County, Pennsylvania. Diversified and Grinnell are both parties to these consolidated proceedings.

On December 23, 1999, BHC commenced the present action by filing a summons with notice in state court, one of the ways by which a lawsuit under New York law may be commenced.[1] The summons with notice specified the nature of BHC's claim for relief and the nature of the relief sought, $3,000,000 in damages. The summons with notice erroneously stated that "[t]his action is brought in Kings County because defendant's principal place of business is 121 DeKalb Avenue, Brooklyn, New York 11201," an address that is in fact the address of *plaintiff's* principal place of business.

Six days after filing the summons with notice in the state court, BHC sent a copy to Diversified at the correct address of its principal place of business in Pennsylvania. On January 24, 2000, Diversified filed a notice of appearance in the state court,

---

1. *See* N.Y. C.P.L.R. § 304 ("An action is commenced by filing a summons and complaint or summons with notice...."); N.Y. C.P.L.R. § 305:

(b) Summons and notice. If the complaint is not served with the summons, the summons shall contain or have attached thereto a notice stating the nature of the action and the relief sought, and, except in an action for medical malpractice, the sum of money for which judgment may be taken in case of default.

acknowledged personal jurisdiction, and demanded that BHC serve it with a complaint, in accordance with state law.

On March 17, 2000, BHC served Diversified with its complaint. The complaint alleges that BHC is a New York corporation and that Diversified is a Pennsylvania corporation. Following its receipt of the complaint, Diversified requested an extension of time to answer until May 10, 2000. BHC granted this request.

As previously noted, on April 13, 2000, Diversified filed a notice of removal in this Court pursuant to 28 U.S.C. § 1441,[2] claiming that this Court has original subject matter jurisdiction over BHC's complaint under 28 U.S.C. § 1332. On May 10, 2000, Diversified filed its answer to BHC's complaint in this Court,[3] and on May 12, 2000, as clearly noted, BHC filed its notice of motion to remand the case to state court on the ground that Diversified's failure to file its notice of removal within the thirty-day period following its receipt of BHC's summons with notice renders the notice of removal untimely under 28 U.S.C. § 1446(b).[4] Diversified contends that, because it filed its notice of removal less than thirty days following its receipt of plaintiff's complaint, its notice of removal was timely filed.

### DISCUSSION

#### *Motion to Remand*

Under 28 U.S.C. § 1441, the removal statute, "any civil action brought in a state court of which the district courts of the

United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). As a general matter, district courts must "construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l Inc.*, 28 F.3d 269, 274 (2d Cir.1994); *accord Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

District courts have original jurisdiction over, *inter alia*, all civil actions between citizens of different states when the matter in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1). Here, the parties do not dispute that this Court has original jurisdiction over BHC's action under § 1332.

The parties dispute whether Diversified filed its notice of removal in a timely fashion. Under 28 U.S.C. § 1446(b), a defendant seeking to remove an action to federal court must file its notice of removal no later than thirty days after receipt of plaintiff's "initial pleading." Failure to meet this deadline requires remand to state court. *See Universal Motors Group of Cos., Inc. v. Wilkerson*, 674 F.Supp. 1108, 1113 (S.D.N.Y.1987). Diversified filed its notice of removal on April 13, 2000, less than thirty days following its receipt of BHC's complaint but more than thirty days following its receipt of BHC's summons with notice. Thus, whether Di-

---

**2.** Section 1441 provides, in part:
   (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

**3.** In a footnote, BHC contends that Diversified's answer is untimely. In the absence of any request for relief in this regard, I decline to consider the issue.

**4.** Section 1446(b) provides, in part:

   The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

versified's notice of removal was timely filed turns on whether BHC's summons with notice constitutes an "initial pleading" under § 1446(b).

Prior to 1999, when the Supreme Court decided *Murphy Brothers v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999), a summons with notice validly filed under New York law constituted an initial pleading if the summons contained sufficient information to enable the defendant to "intelligently ascertain" the basis for removal. *See, e.g., Gucciardo v. Reliance Ins. Co.,* ·84 F.Supp.2d 399, 402–03 (E.D.N.Y.2000); *Rosenthal v. Life Fitness Co.,* 977 F.Supp. 597, 599 (S.D.N.Y.1997); *Wilkerson,* 674 F.Supp. at 1109–11. Although BHC's summons with notice mistakenly represented that "defendant's principal place of business is 121 DeKalb Avenue, Brooklyn, New York 11201," the address of BHC's principal place of business, and although the summons did not specify BHC's state of incorporation, Diversified does not argue that it had insufficient information to intelligently ascertain removability.[5] Because Diversified was aware of BHC's citizenship through its prior interactions with BHC, Diversified's failure to dispute this point has a factual basis. Therefore, under the standard that applied prior to *Murphy Brothers,* BHC's summons with notice constitutes an initial pleading for purposes of § 1446(b).

The question, then, is whether *Murphy Brothers* altered prior law. In *Murphy Brothers,* plaintiff filed its complaint in Alabama state court and faxed a "courtesy copy" of the filed complaint to the defendant. After settlement negotiations failed, the plaintiff officially served the defendant pursuant to local law. The Supreme Court held that receipt of a courtesy copy of a complaint, unaccompanied by a summons,

does not trigger a defendant's time to remove under § 1446(b).

In the course of its opinion, the Court reviewed the legislative history of § 1446(b), noting, *inter alia,* that prior to 1949 § 1446(b) provided that "[t]he petition for removal of a civil action or proceeding may be filed within twenty days after commencement· of the action or service of process, whichever is later." 526 U.S. at 351, 119 S.Ct. 1322 (quoting Act of June 25, 1948, 62 Stat. 939, codified as amended at 28 U.S.C. § 1446(b)). In 1949, Congress amended the statute because "[i]n States such as New York, most notably, service of the summons commenced the action, and such service could precede the filing of the complaint.... To ensure that the defendant would have access to the complaint before commencement of the removal period, Congress in 1949 enacted the current version of § 1446(b)." *Id.*

Near the conclusion of its opinion, the Court "summarized ... the possibilities" ·as follows:

> First, if the summons and complaint are served together,· the 30–day period for removal runs at once. Second, if the defendant is served with the summons but the complaint is furnished to the defendant sometime after, the period for removal runs from the defendant's receipt of the complaint. Third, if the defendant is served with the summons and the complaint is filed in court, but under local rules, service of the complaint is not required, the removal period runs from the date the complaint is made available through filing. Finally, if the complaint is filed in court prior to any service, the removal period runs from the service of the summons.

*Id.* at 353, 119 S.Ct. 1322. Based on the second possibility identified by the Court

---

5. Both principal place of business and state of incorporation are relevant to a determination of citizenship. *See* 28 U.S.C. § 1332(c); *R.G. Barry Corp. v. Mushroom Makers, Inc.,* 612 F.2d 651, 654 (2d Cir.1979) ("It is clear that for purposes both of diversity jurisdiction under 28 U.S.C. § 1332 and removal jurisdiction under 28 U.S.C. § 1441, a corporation is deemed to be a citizen of the state in which it is incorporated,· and of the state where its · principal place of business is located.").

above and the legislative history of the statute's 1949 amendments, Diversified contends that the period within which it could remove the case to federal court ran from its receipt of plaintiff's complaint, not from the time of its receipt of the summons with notice, and that prior cases holding a summons with notice filed pursuant to New York C.P.L.R. § 305(b) to be an initial pleading are incorrect. In *Whitaker v. Fresno Telsat, Inc.*, 1999 WL 767432 (S.D.N.Y.1999), Judge Scheindlin accepted such an argument, holding that "after *Murphy*, summons with notice absent a complaint does not constitute an 'initial pleading' for purposes of triggering the § 1446 removal period." *Id.* at *1.

I disagree. The legislative history of the 1949 amendment to § 1446(b) referred to then-existing New York law. Prior to 1949, New York law provided only that "[a]n action is commenced against a defendant, within the meaning of any provision of this act which limits the time for commencing an action, when the summons is served on him." *Wilkerson*, 674 F.Supp. at 1111–12 (quoting 8 Gilbert–Bliss, The Civil Practice of New York Annotated, Civil Practice Act § 16 (1939)). New York amended this provision in 1962, enacting § 305(b), which thereafter read:

> If the complaint is not served with the summons, the summons may contain or have attached thereto a notice stating the object of the action and the relief sought, and, in an action for a sum certain or for a sum which can by computation be made certain, the sum of money for which judgment will be taken· in case of default.

N.Y. C.P.L.R. § 305(b) (McKinney 1972). Section 305(b) was amended again in 1979, and it now provides:

> If the complaint is not served with the summons, the summons shall contain or have attached thereto a notice stating the nature of the action and the relief sought, and, except in an action for medical malpractice, the sum of money for

which judgment may be taken in case of default.

N.Y. C.P.L.R. § 305(b) (McKinney 1990). The legislative history behind the 1979 amendments reveals that the New York legislature's intention was "to bring the provision 'in[to] harmony with modern notions of notice pleading ... [by assuring] defendants at least basic information concerning the nature of the plaintiff's claim and the relief sought.'" *Wilkerson*, 674 F.Supp. at 1112 (quoting The Judicial Conference Report on the Civil Practice Law and Rules, 1978 N.Y. Laws 1847, 1881) (alterations in original).

Because New York's provisions were modified substantially after the 1949 amendments to § 1446(b), the comments in the legislative history of the 1949 amendments suggesting that Congress intended "[t]o ensure that the defendant would have access to the complaint before commencement of the removal period," *Murphy Brothers*, 526 U.S. at 351, 119 S.Ct. 1322, are currently, as further excerpts from the same legislative history indicate:

> In some states suits are begun by the service of a summons or other process without the necessity of filing any pleading until later. As [§ 1446] now stands, this places the defendant in the position of having to take steps to remove a suit to Federal court before he knows what the suit is about. As said section is herein proposed to be rewritten, a defendant is not required to file his petition for removal until 20 days after he has received (or it has been made available to him) a *copy of the initial pleading filed by the plaintiff setting forth the claim upon which the suit is based and the relief prayed for.*

S.Rep. No. 81–303, at 6 (1949) (emphasis supplied). Under current New York law, unlike pre–1949 New York law, a plaintiff is required to file a notice along with the summons that describes the nature of the action and the relief sought so that the summons with notice conforms to "modern notions of notice pleading." *Wilkerson,*

674 F.Supp. at 1112. Thus, New York's summons with notice provision is entirely consistent with the 1949 Congress' conception of an "initial pleading." A summons with notice filed under current New York law typically provides sufficient information for a defendant to ascertain intelligently whether there is a basis for removal and, thus, constitutes an "initial pleading . . . setting forth the claim upon which the suit is based and the relief prayed for." S.Rep. No. 81–303, at 6 (1949).

■ The Supreme Court did not to have consider New York's current summons with notice provision when it decided the unrelated issue before it in *Murphy Brothers*. Its "summar[y][of] . . . the possibilities" relied on a 1960 District of Maryland decision, *Potter v. McCauley*, 186 F.Supp. 146, 149 (D.Md.1960), that also did not consider current New York law. Its statement that, "if the defendant is served with the summons but the complaint is furnished to the defendant sometime after, the period for removal runs from the defendant's receipt of the complaint," 526 U.S. at 353, 119 S.Ct. 1322, does not refer to a summons with notice filed pursuant to New York law and is dictum that does not control the determination of the issue at bar. In light of the presumption against federal jurisdiction in the context of removal, *see Shamrock Oil & Gas Corp.* 313 U.S. at 108–09, 61 S.Ct. 868, I conclude that a summons with notice filed pursuant to New York law constitutes an initial pleading for purposes of § 1446(b) if it provides sufficient information for a defendant to ascertain intelligently the basis for removal.

Because Diversified did not file its petition for removal within thirty days following its receipt of the summons with notice, its petition is untimely. Accordingly, BHC's motion to remand the action to state court is granted.

Because the original action must be remanded to state court, I decline to exercise supplemental jurisdiction to consider the state law claims alleged in Diversified's third-party complaint against Grinnell. *See* 28 U.S.C. § 1367(c).

## CONCLUSION

For the foregoing reasons, BHC's motion to remand the case to state court is granted. Grinnell's motion to dismiss is not considered, and the entire case is remanded to the New York State Supreme Court, Kings County.

The Clerk is directed to remand the case to the courts of the State of New York and to furnish a filed copy of the within to all parties and to the magistrate judge.

SO ORDERED.